### FENLEY et al. v. MOODY.

False representations relating to easements or appurtenances to land affecting its value, which were made by the owner of such land to another with intention to deceive, and which actually did deceive him to his injury, and induce him to purchase the property for more than its value, will give a right of action of deceit to the vendee against the vendor, when the falsity of such representations could not have been ascertained by an examination of the premises purchased.

Argued May 17, — Decided July 19, 1898.

Action of deceit. Before Judge Reid. City court of Atlanta. November term, 1897.

The plaintiffs alleged, that the defendant had induced them to purchase a certain tract of land, by representations upon which the plaintiffs relied, but which they subsequently discovered to be false. These representations were, that the prop-

erty-owners, on both sides of a certain street or road upon which the land fronted, had by mutual agreement donated a designated number of feet of their respective frontages, and were all to set their fences back that distance, in order to widen the street; that the county commissioners had accepted the donation, had agreed to work the street thus widened and make it a better street, and had passed an order to have it lengthened for a designated distance; that the same had been surveyed through, and the property-owners along the line of what was to be the continuation of the street had donated sufficient of their property to extend the street; that the county commissioners had also passed an order for the repairing and working of the street, in order to make it passable and so that it could be traversed in convenience and safety; and that two houses which were erected on the lot were well built, etc. The plaintiffs alleged that all of these representations were wilful misrepresentations of material facts, made to induce plaintiffs to enter into the contract of purchase, and made fraudulently with intent to deceive plaintiffs, and did deceive them into closing the contract; and they were thereby damaged in the sum sued for. The action was dismissed on general demurrer.

*Simmons & Corrigan*, for plaintiffs.
*Rosser & Carter* and *Reed & Hartsfield*, for defendant.

LEWIS, J. Under section 3533 of the Civil Code, "Fraud may exist from misrepresentation by either party, made with design to deceive, or which does actually deceive the other party; and in the latter case such misrepresentation voids the sale, though the party making it was not aware that his statement was false. Such misrepresentation may be perpetrated by acts as well as words, and by any artifices designed to mislead. A misrepresentation, not acted on, is not ground for annulling a contract." Section 4026 of the Civil Code declares: "Misrepresentation of a material fact, made willfully to deceive, or recklessly without knowledge, and acted on by the opposite party, or if made by mistake and innocently, and acted on by the opposite party, constitutes legal fraud." Under section 3814 an action will lie when a wilful misrepresentation of a material fact is made to induce another to act to his injury.

Every essential element of an action of deceit is embodied in the declaration now under consideration. There was a wilful misrepresentation of a material fact; knowledge by the defendant of the false statement, which was made with the intention to deceive, which actually did deceive the plaintiffs, and which was acted upon by them to their injury. See *National Exchange Bank* v. *Sibley,* 71 *Ga.* 730–1; *Peel* v. *Bryson,* 72 *Ga.* 331; *Smith* v. *Dudley,* 69 *Ga.* 78. It is insisted by counsel for the defendant in error in this case, that the misrepresentations were as to the acts of a court of record, which were fully open to inspection by the plaintiffs, and that by the exercise of due diligence they could have known the truth. It was doubtless this idea of laches upon the part of the plaintiffs, in not making any effort to ascertain the truth of the statements made to them by the defendant, that induced the court below to sustain the demurrer and dismiss the petition. In all the cases cited by the defendant in error to sustain this position, the representations had reference to the quality or condition of the property purchased; and it has simply been held, in the language of the court in the case of *Thompson* v. *Boyce,* 84 *Ga.* 497, 503, "where one purchases land from another, and has an opportunity to examine it, the contract will not be rescinded or set aside, unless there has been some fraud or artifice practiced by the vendor to prevent such examination." To the same effect is the ruling in the case of *Stone* v. *Moore,* 75 *Ga.* 565; also *Castleberry* v. *Scandrett,* 20 *Ga.* 242.

Such is not, however, the case we are now considering. The false representations relied on as a basis of this action for deceit had no reference to the fertility of the soil on the land purchased, or to anything else touching its quality and condition, the truth of which could have been ascertained by an examination of the premises. It is urged that, by a simple examination of the records of the county commissioners, the plaintiffs could readily have ascertained whether or not orders for widening and improving the street adjoining the property had been passed. One of the statements made by the defendant upon which the plaintiffs relied when they made their contract of purchase was, that the property-owners on both sides of the

street upon which the land fronted had by mutual agreement donated a designated number of feet of their respective frontages, and had agreed to set their fences back so as to widen, and thus improve the street, and enhance the value of the property bordering thereon. It is often the case that such dedications or donations for the public use are made by owners of property, and there never appears any record of the dedication. We do not think, even if such things were necessarily matters of record, that the plaintiffs were guilty of such laches for failing to examine the records as would defeat their right of action. With the same force it might be urged that false representations made by the vendor that the property he was selling was free from all encumbrances would amount to nothing if the vendee, by an examination of court records, could have ascertained their falsity. See *Southwestern Railroad* v. *Papot*, 67 *Ga.* 676; *Peel* v. *Bryson*, 72 *Ga.* 331; *Reid* v. *Flippen*, 47 *Ga.* 273. A party can not close his eyes to a defect in a thing purchased, so patent that by mere inspection he could have ascertained its existence; but we are not aware of any rule of law, or decision of any court, that goes to the extent of saying that one who has been imposed upon by a deceitful and false statement can have no relief unless, before acting upon such a statement, he had exhausted all means at his command to ascertain its truth. This would be, in effect, holding that scarcely under any circumstances will relief be granted to one who has been the victim of misplaced confidence in his fellow-man.

*Judgment reversed. All the Justices concurring.*