1590.  GARBUTT LUMBER COMPANY *v.* WALKER *et al.*

RUSSELL, J.  1. There was no error in sustaining the demurrer and dismissing the plaintiff's petition.  To recover in an action for deceit, it must appear not only that the representation made was false, to the knowledge of the party making it, but that the plaintiff parted with his money on the faith of the false representation.  A declaration which fails to allege that the plaintiff parted with his money on the faith of the false representation is totally defective.

2. Under the allegations of the petition, the suit was barred by the statute of limitations.  The rule laid down in § 3785 of the Civil Code, to the

effect that in cases of fraud the period of limitation shall run only from the time of its discovery, does not operate in favor of a plaintiff who might, by the exercise of ordinary diligence, have made such discovery. The petition makes a case where the exercise of such diligence would have resulted' in discovering the defendant's alleged fraud, if any there was, and states no sufficient or satisfactory reason or excuse for the plaintiff's failure to use such diligence. Consequently there was no error in dismissing the action. *Little* v. *Reynolds*, 101 *Ga.* 594 (28 S. E. 919).

*Judgment affirmed.*

Action for damages, from city court of Fitzgerald—Judge **Jay.** November 28, 1908.

Argued February 10,—Decided May 18, 1909.

The Garbutt Lumber Company sued Nancy and Jonathan Walker for damages on account of false representations as to the ownership of certain land and timber. The defendants demurred to the petition, on the grounds that no cause of action was set forth, that the suit was barred by the statute of limitations, and that there was a misjoinder of defendants. The court sustained the demurrer, and the plaintiff excepted.

The suit was brought to the January term, 1908, of the city court. From the petition it appears that for many years Nancy Walker had been residing on a certain lot of land, but that only a part of it was in actual possession, and her possession was merely that of a squatter without title. It is alleged that by reason of the fact that she was residing on the lot, and of the further fact that the plaintiff had never heard of any title being asserted to the lot, contrary to that of the Walkers, the plaintiff believed and had a right to believe that Nancy Walker's possession was a bona fide possession under claim of right, and that she was the owner of the lot. On May 12, 1899, her agent, Jonathan Walker, acting with full authority from her, representing himself to be her agent with the right for and in her behalf to sell the timber on this lot, sold the sawmill timber thereon to the plaintiff and made to the plaintiff a lease of the same, the plaintiff paying the purchase-price. At the time of the sale Jonathan Walker represented to the plaintiff that Nancy Walker was the owner of the land and timber; yet both Jonathan and Nancy Walker knew of the facts stated above, and knew that she was not the owner of the land or the timber and that she had no bona fide claim to either. They failed to disclose this defect in the title, and Nancy Walker assented to

the concealment of the defect by Jonathan Walker; and this concealment and failure to disclose the defect amounted to a fraud on the plaintiff, and avoided the contract mentioned above. At the time of the sale Jonathan Walker knew that the plaintiff believed that Nancy Walker was the true owner of the timber then about to be bought by the plaintiff, but wilfully failed to correct the mistake under which the plaintiff was acting, and allowed it to act upon said mistaken theory and to part with its money upon the strength of the mistaken idea; all of which constituted fraud on the part of himself and of his principal, Nancy Walker. It was a fraudulent concealment, done for the purpose of defrauding the plaintiff, and did defraud the plaintiff out of the purchase-money paid by it for the land. The plaintiff had no knowledge of the fraud until October 31, 1907, and could not have discovered the fraud by the use of reasonable diligence. About the year 1903 the plaintiff, acting under the said lease, cut and removed the sawmill timber from the land; and afterwards D. H. Pope brought a suit against the plaintiff, which, in October, 1907, was tried and resulted in a verdict against it for damages, for cutting and removing the timber. After that suit was filed, about March 1, 1904, M. W. Garbutt, the plaintiff's secretary and treasurer, and one of its stockholders, went to Jonathan Walker for the purpose of obtaining information as to the title of Nancy Walker, and was informed by him that he bought the lot just after the civil war from one Thomas Gibbs, and had taken a deed from Gibbs, which was recorded but was lost. This statement was false and lulled the plaintiff into a sense of security, it being advised that Nancy Walker had lived on the place for 30 years or more, and knowing that if she had a bona fide color of title thereto as claimed, in good faith, her possession constituted the foundation for a prescriptive title which had ripened. Relying, therefore, on this information, which, during the same year was corroborated by Nancy Walker, the plaintiff believed that Nancy Walker was the owner of the land. Nancy Walker never had a genuine deed executed by Thomas Gibbs to her to this land, as was claimed by herself and Jonathan, nor did she ever have written color of title from any source. The plaintiff did not discover the fraud perpetrated upon it as aforesaid until October, 1907, on the trial of said case; because of the false and fraudulent information given to it by Jona-

than and Nancy Walker in 1904, above stated, that she did claim the land in good faith. The plaintiff seeks to recover as damages the sum paid by it on the above-mentioned judgment, attorney's fees, etc.

*Hal Lawson,* for plaintiff, cited, as to fraud by misrepresentation or failure to disclose facts, and liability of principal and agent: Civil Code, §§3534, 3814, 4026-7; *Ga. R.* 2/66, 442; 4/95; 5/554; 6/458, 470; 16/434; 19/310, 312; 26/415; 52/135 (1); 63/312; 65/680; 70/297; 71/726 (1), 730; 72/819; 75/98 (7a), 393 (3); 76/512 (3); 88/629; 94/573 (2); 97/673 (2); 105/147; 108/126, 130-1; 6 Michie's Dig. Ga. R. 454, 501, 503; 20 Cyc. 84, 86. Statute of limitations: Civil Code, §3785; *Ga. R.* 4/315; 6/515 (2); 8/1 (2), 515 (2); 12/371 (2), 375-8; 35/40 (2), 43; 41/171; 98/484; 101/594; 107/807, 810; 122/425; 6 L. R. A. 799; 7 L. R. A. 826; 8 L. R. A. 687; 20 Cyc. 94; 25 Cyc. 1186-90, 1192-3.

*Haygood & Cutts,* for defendant, cited, as to allegations necessary in action for deceit: Civil Code, §3814; *Ga. R.* 32/382; 77/151; 95/535; 108/251. Statute of limitations: *Ga. R.* 60/449; 72/83; 81/611; 96/798; 101/594; 25 Cyc. 1181, 1182.