## HAYES *et al. v.* FARMERS BANK.

BECK, J. 1. In a suit based upon a promissory note, where the defendant pleaded that he had directed the application of funds arising from the collection of certain collateral securities alleged to have been left by him in the hands of the plaintiff, it was competent for the defendant, after the introduction in evidence of a certain writing signed by him, which purported to put the title to these collateral securities in the plaintiff, to introduce evidence to show that while he did sign this writing he did so at a time when he was hurrying to catch a train, that he

did not have time to read over the writing, but signed it upon the statement of the agent of the plaintiff that the drafts he was then handing to the defendant were the property of the bank, and that the paper presented for defendant to sign was a receipt to show where the drafts went. If in an emergency he was induced, by the statement of the plaintiff's agent, to sign the paper which contained an acknowledgment that the securities referred to belonged to the plaintiff, he will not be precluded from proving this on the idea that he can not contradict the writing by parol evidence. If his signature to the paper was procured under the circumstances which he offered to prove, it was a fraud, and he should have been permitted to show it.

2. It was error for the court, referring to the paper just mentioned, to say, in the presence of the jury, "Suppose he did not have time—he signed it, didn't he?"

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*
FEBRUARY 11, 1915.

Complaint. Before Joseph N. Worley, judge pro hac vice. Franklin superior court. September 29, 1913.

*W. R. Little* and *Adams & Johnson,* for plaintiff in error.
*Dorough & Adams* and *A. G. & Julian McCurry,* contra.