*Hoyt H. Whelchel,* contra.

---

## 16012. SAWYER *v.* BIRRICK.

In this action for money had and received, founded upon the theory of fraud in the defendant in procuring it, the plaintiff having failed to allege any facts tending to show why the representations should have been believed and relied on, the petition failed to set forth a cause of action, and the general demurrer thereto was properly sustained.

                    DECIDED APRIL 17, 1925.

    Assumpsit; from city court of Macon—Judge Jordan. October 17, 1924.

    Arthur Sawyer brought a suit against Joe Birrick, alleging as follows: "Said defendant is indebted to·petitioner on assumpsit and for money had and received in the principal sum of $510.00, together with interest thereon at 7 per cent. since the 27th day of November, 1923, by reason of the facts hereinafter set forth." "Said debt is due, owing and unpaid and petitioner has demanded payment thereof, and payment has been refused." "On November 27, 1923, the defendant came to plaintiff and represented to plaintiff that Willie Sawyer, the son of plaintiff, had damaged an iron safe in the store of defendant in Macon, Ga., the property of defendant, in the sum of $520.00, by attempting to force the lock on said safe, and demanded of plaintiff that he pay defendant $520.00 damages to said iron safe, which the defendant represented that he had sustained by the acts of the said Willie Sawyer, the son of the plaintiff. Plaintiff accepted the representations of the defendant as true, and in good faith paid the defendant the $520.00 demanded as settlement of the alleged damages to the said iron safe." "Petitioner has learned, since he paid the defendant ̄said money, that the representations of the defendant as to the damage to his safe were false and fraudulent; that the safe was a small

iron safe about three feet high, was old and second-hand, costing new not exceeding $50.00, and worth at the time of the damage not exceeding $25.00; that the extent of the damage to it was that the knob on the outer door was knocked off, which damage could easily have been repaired for $10.00." "Plaintiff shows, the premises considered, that the defendant has $510.00 of plaintiff's money to which he has no right or title, that he secured same by a fraudulent misrepresentation as to the facts, as shown above, and plaintiff asks for judgment against the defendant for the said sum of $510.00 with interest thereon at 7 per cent. since November 27, 1923."

R. D. Feagin, C. D. Irwin, for plaintiff.

Brock, Sparks & Russell, for defendant.

BELL, J. (After stating the foregoing facts.)

The claim which is alleged to have been made by the defendant upon the plaintiff and to which the plaintiff acceded is one which in its very nature suggested the need of inquiry, certainly as to the amount. Askew v. Central Trust Co., 26 Ga. App. 122 (1) (106 S. E. 198). There are no allegations to show that the plaintiff was prevented from ascertaining the extent of the damage alleged to have been done by his son to the defendant's safe, or that the means of knowledge were not easily at hand. When the means of knowledge are at hand and equally available to both parties to a contract, if one of them does not avail himself thereof he will not be heard later to say in impeachment of the contract that he was deceived by the representations of the other. The burden is upon him to show not only that he relied upon the representations, but that in doing so he was not wanting in the proper diligence. What degree of diligence or caution should be exercised in a transaction of this sort, whether the same as in the purchase of land, need not be determined in the case before us, because the petition fails to disclose the exercise by the plaintiff of any diligence whatsoever. So far as appears, he was the victim of his own credulity. No right of reliance is shown. In the absence of allegations to show why the representations should have been believed, the petition failed to set forth a cause of action, and the general demurrer thereto was properly sustained. Brooks v. Boyd, 1 Ga. App. 65 (1) (57 S. E. 1093); Miller v. Roberts, 9 Ga. App. 511 (2) (71 S. E. 927); Wrenn v. Truitt, 116 Ga. 708 (43 S. E. 52); Hayslip

v. *Fields,* 142 *Ga.* 49 (1) (82 S. E. 441); *Miller* v. *Ozburn Realty Co.,* 18 *Ga. App.* 768 (1) (90 S. E. 652); *Perdue* v. *Harwell,* 80 *Ga.* 150 (2) (4 S. E. 877); *Smith* v. *Shinn,* 31 *Ga. App.* 356 (120 S. E. 647); *Rutland* v. *Parham,* 32 *Ga. App.* 662 (1) (124 S. E. 355).

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*