21647.  HOLT *v.* GLOER *et al.*

1. A material misrepresentation constituting actual fraud may give rise to an independent action in tort for deceit, to recover for damage thus occasioned.  In such a suit it is necessary to show not only that a material misrepresentation was made for the purpose of inducing the plaintiff to act, that he had a right to act, and that he did act thereon to his injury, but it must be shown that the representation was wilfully and knowingly false, or (what the law regards as the equivalent of knowledge) a reckless or fraudulent representation about that which the party pretends to know, but about which he knows that he does not know, by which false pretense his purpose and intent is to deceive.  *Penn Mutual Life Ins. Co.* v. *Taggart,* 38 *Ga. App.* 509, 511 (144 S. E. 400), and cit.

2. It is the general rule that a corporation is responsible in the same manner as a natural person for the fraud of its agent when acting within the power of the corporation and within the scope of his agency.  14a C. J. 775, § 2845; *Scofield Rolling-Mill Co.* v. *State,* 54 *Ga.* 635; *Napier* v. *Central Georgia Bank,* 68 *Ga.* 637.

3. It was alleged by the petition in the instant case that the representation made to the plaintiff, and upon which he acted to his injury, was made by the defendants with the intent to deceive, and in pursuance of a conspiracy entered into among them to defraud the plaintiff, and that

the agent of the corporation, in so acting, was within the scope of his authority. The petition must show that the act of the servant complained of amounted to the act of his master, by reason of the servant's having acted for his master and within the scope of his employment. The authority of the master may be fairly implied from the nature of the employment and the duties incident thereto as set forth in the petition; in which case a specific averment that the act was done within the scope of the servant's employment might be dispensed with. In the absence of such averments relative to the implied authority of the servant to act for his master by reason of the nature of the employment and of the duties incident to it, the complaint must specifically allege the existence of the relationship of master and servant, and that the act complained of was committed in the performance of the servant's duties as such. *Thompson* v. *Wright*, 109 *Ga.* 466 (2) (34 S. E. 560); *Gardner* v. *Western Union Telegraph Co.*, 14 *Ga. App.* 403 (2) (81 S. E. 259). Since it does not appear from the allegations of the petition that the agent was in fact, contrary to the general averment, acting without the scope of his authority, in that it does not appear that the oil company was uninterested in the transfer of the filling station at which its products were being sold, and since it can not be said, as a matter of law, that the plaintiff purchaser was negligent in relying upon the representation made as to the provisions of the lease contract, such questions being matters for determination by the jury (*Summerour* v. *Pappa*, 119 *Ga.* 1 (5), 4, 45 S. E. 713), the court erred in sustaining the general demurrer and dismissing the action as to the defendant oil company.

4. No exception having been taken to the ruling sustaining certain of the special demurrers interposed by the other defendants, and the special demurrer of the defendant oil company not having been passed upon, the record does not present for determination any question as to whether the petition was subject to special demurrer. Since the court erred in dismissing the action as to the defendant oil company, the resident defendant, it was error to sustain the motion thereafter interposed to dismiss the action as to the remaining defendants for lack of jurisdiction.    *Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED FEBRUARY 11, 1932.

*G. Seals Aiken,* for plaintiff.    *Slalon & Hopkins,* for defendants.