ELLIOTT *v.* MARSHALL.

No. 10349.   OCTOBER 12, 1934.

*H. L. Luttrell* and *McElreath & Scott,* for plaintiff in error.
*Thomas L. Slappey, J. Howell Green,* and *Hewlett & Dennis,* contra.

BELL, J.   Marshall, the owner of a city lot, executed a long-term lease thereon to Elliott, and thereafter brought suit in equity to cancel the lease on the ground that he was induced to execute it by the fraud of the defendant. The defendant excepted to the overruling of his general demurrer to the petition, and to the court's refusal to grant him a new trial after verdict for the plaintiff.

The petition contained substantially the following allegations:   The plaintiff went to the office of the defendant, who was an "expert real estate and loan man," and discussed with him the question of negotiating a loan which the plaintiff desired to obtain upon the property. The defendant stated to the plaintiff that he knew the plaintiff's property and the value thereof, and that the plaintiff could not obtain such a loan unless there was a lease upon the property. The defendant proposed to lease the property himself, and later submitted to the plaintiff an unsigned lease for execution. The defendant further stated that the proposed lease was the best that the plaintiff could obtain, and that if he would sign

this lease he could procure the loan desired. The plaintiff was a newspaper pressman, without experience in real-estate loans and leases. Believing the defendant's representations, including the statement that before he could obtain the loan he must have a lease thereon, the plaintiff was induced thereby to execute the lease as presented to him. The representations made by the defendant were absolutely false, and the defendant knew they were false at the time he made them. The existence of such lease, instead of enabling the plaintiff to obtain the loan, actually made it impossible for him to do so; and he has been placed in a position where he has been unable to place a new loan upon his property or renew a present loan thereon. The defendant made the representation for the purpose of deceiving and defrauding the plaintiff, who relied thereon and was induced to execute the lease, and will suffer irreparable loss and damage unless "a court of equity intervenes and orders the cancellation of said lease."

The allegations were sufficient, as against general demurrer, to show fraud on the part of the defendant in his alleged statement as to the necessity of placing a lease upon the property. While a party must exercise reasonable diligence to protect himself against the fraud of another, he is not bound to exhaust all means at his command to ascertain the truth before relying upon the representations. Ordinarily the question whether the complaining party could have ascertained the falsity of the representations by proper diligence is for determination by the jury. *Fenley* v. *Moody*, 104 *Ga.* 790, 793 (30 S. E. 1002); *Summerour* v. *Pappa*, 119 *Ga.* 1 (5) (45 S. E. 713); *Benson* v. *May*, 149 *Ga.* 555 (101 S. E. 177); *Briesenick* v. *Dimond*, 33 *Ga. App.* 394 (126 S. E. 306); *Thompson* v. *Bank of Arlington*, 44 *Ga. App.* 686 (2) (162 S. E. 647). It was not essential to a cause of action that the defendant's statement as to the necessity of the lease should have been the sole inducement which moved the plaintiff to execute it. *James* v. *Crosthwait*, 97 *Ga.* 673, 680 (25 S. E. 754, 36 L. R. A. 631).

The plaintiff further alleged that on discovery of the fraud he called on the defendant to cancel the lease, and offered to repay to the defendant the sum of money which he had received thereunder, and to refund an amount which the defendant had paid "for services in drawing said lease," and "offered to restore the defendant to his former position and to hold him harmless upon said lease," but

that "defendant has failed and refused to have said lease canceled, and stated repeatedly that he would not accept said refund and cancel said lease." In view of these allegations, the petition was not subject to demurrer on the ground that it did not show a sufficient offer to restore the status before the institution of the action. The court did not err in overruling the general demurrer.

■ Fraud voids all contracts. Civil Code (1910), § 4254. Parol evidence is admissible to show that what appears to be a valid written contract is void because the complaining party was induced to execute it by the fraud of the other. § 5790; *Ham* v. *Parkerson,* 68 *Ga.* 830; *Bank of Lavonia* v. *Bush,* 140 *Ga.* 594 (4) (79 S. E. 459); *Hayes* v. *Farmers Bank,* 143 *Ga.* 183 (84 S. E. 442). The admission of such evidence does not violate the rule that parol contemporaneous evidence is generally inadmissible to vary the terms of a written instrument. Civil Code (1910), § 5788. Accordingly, it was not error to admit the testimony of the plaintiff that the defendant stated to him that, if he would sign the lease, the defendant could get the loan for the plaintiff as desired; the objection to this testimony being that the consideration for the lease was expressed in that instrument, and that it contained no agreement on the part of the defendant to obtain the loan referred to.

■ The plaintiff by amendment struck several of the allegations of his petition. The parts stricken were subsequently introduced in evidence by the defendant as admissions. The court charged the jury that (1) "it is the duty of the jury to scan admissions with care and to receive them with caution;" and (2) "that the jury would determine what sort of admissions were made, if any." The first of these charges was excepted to on the ground that since the alleged admissions were a part of the pleadings and record, the jury were bound to receive them as such, and that the direction to receive them with caution tended to mislead the jury by leaving it optional with them as to "whether they should consider admissions in the stricken portions of the pleadings at all." It is complained that the other charge amounted to an expression of opinion as to whether the stricken allegations constituted admissions. There is no merit in these exceptions. After admissions in the pleadings have been withdrawn by amendment, they may be introduced in evidence against the party making them; but he will have the same

right to rebut, explain, or disprove them as would exist in case of any other admissions alleged to have been made by him; and it is proper to give to the jury the usual charge in regard to such evidence. *Alabama Midland Railway Co.* v. *Guilford,* 114 *Ga.* 627 (40 S. E. 794); *Norris* v. *Rawlings,* 138 *Ga.* 711 (3) (76 S. E. 60); *Atlanta Coca-Cola Bottling Co.* v. *Dean,* 43 *Ga. App.* 682 (2) (160 S. E. 105); *Watkins* v. *Price Mercantile Co.,* 45 *Ga. App.* 272 (164 S. E. 231).

■ Under the evidence, the jury were authorized to find that the plaintiff, before suit, offered to make a complete restoration of the status; and the judge sufficiently charged the jury on the necessity of such restoration or of an offer to that effect. Under the facts of the case, it was not cause for a new trial that the court did not charge the jury as requested on the question of tender.

■ The evidence authorized the verdict for the plaintiff, and the court did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur.*