31420. NORRIS *v.* HART.

DECIDED OCTOBER 26, 1946.

*Wyatt & Morgan,* for plaintiff in error. *Duke Davis,* contra.

SUTTON, P. J. (After stating the foregoing facts.) The essential allegations of an action for deceit are: (1) that the defendant made the representations; (2) that he knew at the time the representations were false; (3) that he made them with the intention to benefit himself or to deceive and injure the plaintiff; (4) that the plaintiff acted upon the faith of the representations; and (5) that the plaintiff sustained the alleged loss and damage as the proximate result of the false representations having been made. *Young* v. *Hall,* 4 *Ga.* 95, 98; *Brown* v. *Ragsdale Motor Co.,* 65 *Ga. App.* 727 (3) (16 S. E. 2d, 176). It should also appear that the plaintiff, in relying upon the representations, exercised ordinary diligence, where there was no confidential or fiduciary relationship

446

between the parties. *Sawyer* v. *Birrick*, 33 *Ga. App.* 746 (127 S. E. 806). Also, see *Tindal* v. *Harkinson*, 19 *Ga.* 448, 450. That the defendant was or had been a friend of the plaintiff, would not alone create a relation of trust or confidence between them. Code, § 37-707; *Dover* v. *Burns*, 186 *Ga.* 19, 26 (196 S. E. 785).

The defendant contends that the petition did not set out a cause of action because it failed to show that the plaintiff exercised any diligence in ascertaining the truth of falsity of the representations, or any reason for his failure to do so. Questions of fraud and the truth and materiality of representations made by a defendant, and whether the plaintiff could have protected himself by the exercise of proper diligence, are matters which usually should be submitted to a jury, and the court will not solve them on demurrer, except in plain and indisputable cases. *Stovall* v. *Rumble*, 71 *Ga. App.* 30, 35 (29 S. E. 2d, 804). Also, see *Thompson* v. *Bank of Arlington*, 44 *Ga. App.* 686(2) (162 S. E. 647); *Georgia Fruit Growers* v. *Vaughn*, 45 *Ga. App.* 17 (2) (163 S. E. 221); *Holt* v. *Gloer*, 44 *Ga. App.* 685 (162 S. E. 663); *Briesnick* v. *Dimond*, 33 *Ga. App.* 394 (1) (126 S. E. 306).

We can not say as a matter of fact that the parties to this case had an equal opportunity of ascertaining the truth or falsity of the representations made by the defendant, or that the plaintiff failed to exercise proper diligence in not investigating to find out whether or not his car had in fact been wrecked; for the representations were not made by the defendant as statements of his opinion, but were made by him as statements of fact, and the plaintiff was not at liberty to go and personally investigate the truth of the representations, as he was incarcerated in jail. Whether the plaintiff was in the exercise of proper care and diligence in failing to request the jailor, or other officer, or some friend or acquaintance, if one was available, to investigate the truth of the representations, would be a question for the jury.

The cases cited and relied on by the plaintiff in error are distinguishable on their facts from the present case and do not authorize or require a different ruling in this case from the one made herein. In *Tindal* v. *Harkinson*, supra, the complainant was on the premises involved, and alleged no reason why he did not examine the land himself. In *Sawyer* v. *Birrick*, supra, the safe had in fact been damaged and nothing was alleged to show that the plain-

tiff was in any way prevented from ascertaining the extent of the damage or that the means for his obtaining such knowledge were not easily at hand; while, in the present case, the plaintiff's car had not been wrecked and the plaintiff was confined in jail where he was not at liberty to personally investigate the truth of the statements made by the defendant. The other cases cited by the plaintiff in error are likewise distinguishable on their facts from the present case.

The allegations of fraud in the petition were sufficient to withstand the general demurrer; a cause of action was set out; and the court did not err in overruling the general demurrer.

*Judgment affirmed. Felton and Parker, JJ., concur.*