## 32839.  EDWARDS *v.* STILES.

DECIDED MARCH 9, 1950.

*John L. Green, James Barrow,* for plaintiff in error.
*Eugene A. Epting,* contra.

SUTTON, C. J.  This is an action for damages for fraud and deceit in connection with a contract for the sale of real estate. When the case was here before, on the overruling of demurrers and the overruling of a motion for a new trial, this court held that the evidence did not authorize a verdict for the plaintiff, and reversed the judgment of the lower court overruling the defendant's motion for a new trial.  A statement of the pleadings and evidence is contained in the report of that case.  See *Stiles* v. *Edwards,* 79 *Ga. App.* 353 (53 S. E. 2d, 697).  Before another trial, the plaintiff amended his petition by adding allega-

tions to the effect that the defendant's statements to Bradberry, who handled the negotiations for the parties, were such as would mislead the plaintiff as to the true ownership of the property, and that the defendant knew that the plaintiff had a mistaken idea as to the ownership of the property, but failed to inform the plaintiff concerning the ownership of the property and continued to act and speak as if he were the sole owner of the property. On the second trial, at the conclusion of the plaintiff's evidence, the trial judge granted a nonsuit, and the plaintiff excepted.

It is now the contention of the plaintiff that the failure of the defendant to inform the plaintiff as to the ownership of the property was equivalent to a false representation which is actionable, and that the evidence adduced for the plaintiff on the second trial would authorize a jury to find for the plaintiff under this theory of the case. It was necessary, in order to recover under the theory of the amendment, for the plaintiff to adduce evidence which would show that any failure to inform on the part of the defendant amounted to an intentional suppression or concealment of a material fact. " 'If [material] facts are known to the vendor and there is an *intentional* concealment or suppression of them in making a contract, such concealment must be understood as intended for no other purpose than to deceive and mislead the vendee; and where in such case the vendee has not equal means of information, he must be regarded as deceived and defrauded.' " (Italics added.) *Northwestern Life Ins. Co. v. Montgomery*, 116 *Ga.* 799, 809 (43 S. E. 79), quoting from Hanson *v.* Edgerly, 29 N. H. (9 Foster) 343. "Wilful misrepresentation of a material fact, made to induce another to act, and upon which he does act to his injury, will give a right of action. *Mere concealment of such a fact, unless done in such a manner as to deceive and mislead, will not support an action.* In all cases of deceit, knowledge of the falsehood constitutes an essential element. A fraudulent or reckless representation · of facts as true, which the party may not know to be false, if intended to deceive, is equivalent to a knowledge of the falsehood." (Italics added.) Code, § 105-302. "The essential elements of such an action are as follows: (1) that the defendant made the representations; (2) that at the time he knew they were false (or what the law regards as the equivalent of knowledge); (3)

that he made them with the intention and purpose of deceiving the plaintiff; (4) that the plaintiff relied on such representations; (5) that the plaintiff sustained the alleged loss and damage as the proximate result of their having been made." *Brown* v. *Ragsdale Motor Co.*, 65 *Ga. App.* 727 (3) (16 S. E. 2d, 176). "A nonsuit shall not be granted merely because the court would not allow a verdict for plaintiff to stand; but if the plaintiff fails to make out a prima facie case, or if, admitting all the facts proved and all reasonable deductions from them, the plaintiff ought not to recover, a nonsuit shall be granted." Code, § 110-310. The evidence in respect to the failure of the defendant to inform the plaintiff about the ownership of the property shows that the defendant told Bradberry before signing the contract that his wife owned a half interest in the property (according to the defendant's own testimony as a witness for the plaintiff for cross-examination); that Bradberry did not hear him make this statement or that he did not give Bradberry this information (according to Bradberry's testimony); that Bradberry conducted all of the negotiations with the plaintiff and, in the course of these negotiations, the plaintiff did not learn that the defendant was not the sole owner of the property, but was never told that the defendant was the sole owner (according to the plaintiff he was "led to believe" that the defendant was the sole owner), and the plaintiff signed the contract without learning that the defendant's wife owned a half interest in the property; that Bradberry then took the contract to the defendant to get his signature, and the defendant, before signing the contract, called someone over the telephone, and apparently received that person's permission to sell the property before signing the contract; that, after employing an attorney to examine the title, the plaintiff learned that the defendant was not the sole owner of the property; and that the plaintiff would not have signed the contract if he had known at the time that the defendant was not the sole owner of the property. It appears that Bradberry conducted the negotiations between the parties with the expectation of getting a commission from the defendant out of the sale price of the property, if and when it was sold, and that the defendant had every intention of consummating the contract until it developed that his wife would not sign a deed conveying her interest in the property.

Even if it could be determined from the evidence that there was a failure on the part of the defendant to inform the plaintiff about the title to the property, either directly or through Bradberry, we do not think that the circumstances surrounding the transaction are such as would authorize a jury to determine that there was ever any intentional concealment or suppression of a material fact by the defendant, but on the contrary it appears that if there was a failure to inform the plaintiff about the title to the property, this failure was in the nature of an unintentional oversight which would not amount to a fraudulent or reckless misrepresentation such as would be necessary to support the allegations of the plaintiff's petition in the present case. In all other respects, the evidence is substantially the same as when the case was here before and it is controlled by the ruling on the evidence at that time, as failing to support the material allegations of the petition. The trial judge did not err in granting a nonsuit.

*Judgment affirmed. Felton and Worrill, JJ., concur.*