38264.   ANDERSON v. R. H. MACY & COMPANY, INC.

DECIDED JUNE 9, 1960—REHEARING DENIED JUNE 24, 1960.

*Abraham J. Walcoff*, for plaintiff in error.

*Schwall & Heuett*, contra.

FELTON, Chief Judge.  ■  In *Gaultney v. Windham*, 99 Ga.

App. 800, 806 (109 S. E. 2d 914) this court after an exhaustive study of the principles involved stated: "To recapitulate, in an independent affirmative action for fraud and deceit, which must be predicated upon actual fraud, the plaintiff must allege and prove the following essential ingredients: (1) the defendant made the representation; (2) at the time he knew they were false (or what the law regards as the equivalent of knowledge, a fraudulent or reckless representation of facts as true, which the party may not know to be false, if intended to deceive, Code § 105-302); (3) the defendant made the representations with the intention and purpose of deceiving the plaintiff; (4) the plaintiff relied upon such representations; (5) the plaintiff sustained the alleged loss and damage as the proximate result of their having been made; and (6) an element frequently omitted in the cases enumerating the essentials, want of knowledge by the party alleged to have been deceived that the representation was false." In addition to the cases cited in that opinion the following decisions have stated various elements of an action for fraud and deceit: *Cosby v. Asher*, 74 Ga. App. 884, 886 (41 S. E. 2d 793) and cit.; *Norris v. Hart*, 74 Ga. App. 444, 445 (40 S. E. 2d 96); *Eastern Motor Co. v. Lavender*, 69 Ga. App. 48, 51 (24 S. E. 2d 840); *Edwards v. Stiles*, 81 Ga. App. 138, 139 (58 S. E. 2d 260); *McBurney v. Woodward*, 84 Ga. App. 807, 814 (67 S. E. 2d 398); *Aderhold v. Zimmer*, 86 Ga. App. 204, 206 (71 S. E. 2d 270). See also Code §§ 105-301, 105-302.

A petition which sufficiently alleges these elements may yet be subject to general demurrer on another ground. "It is well settled that fraud cannot form the basis of an action or a defense thereto, in the absence of any trust or confidential relationship, if it appears that the person relying on the fraud as a basis for the action or in defense thereto had equal and ample opportunity to prevent the happening of the occurrence, and made it possible through a failure to exercise proper diligence." *Millender v. Looper*, 82 Ga. App. 563, 569 (61 S. E. 2d 573). "While it is true that the question of whether the person to whom the alleged false and fraudulent representations were made was negligent in relying upon such representations would ordinarily be

a question for a jury . . . if it is apparent from the pleading of a person relying on such false and fraudulent representations that he was negligent in so doing, and such pleading is properly attacked by demurrer, it is the duty of the court to so decide as a matter of law." *Love v. Nixon,* 82 Ga. App. 445, 452 (61 S. E. 2d 423). For recent applications of this principle to petitions on general demurrer, see *Watkins v. Mertz,* 83 Ga. App. 115 (62 S. E. 2d 744). *Skinner v. Melton,* 84 Ga. App. 98 (65 S. E. 2d 693) and *Scott v. Fulton National Bank,* 92 Ga. App. 741 (89 S. E. 2d 892). An amplification of rules applicable to the situation where the plaintiff does not have equal and ample opportunity to prevent the happening of the alleged fraudulent occurrence is found in *Diebert v. McWhorter,* 34 Ga. App. 803, 804 (132 S. E. 110): "Thus where the basis upon which the contract was entered upon lies in the existence or nonexistence of certain material facts, the verity of which needs must be ascertained from the statement of one acquainted with such facts, each of the contracting parties has a right to rely upon the truth of the other's statements with reference thereto, when such statements relate to matters apparently within the knowledge of the party asserting them; and to do this without checking up the statements with the declarations of other and different persons, in order, by such an investigation, to test their probable truth [citations]."

The defendant contends that the present petition does not make out a case of fraud and deceit because it fails to allege that the bankruptcy was fraudulent or that the plaintiff parted with its goods upon the representation that defendant lost the charga plate. In *Brooks v. Pitts,* 24 Ga. App. 386 (1) (100 S. E. 776) this court held that the mere fact that the defendant procured credit and promised to pay for an ordinary current purchase of goods, and subsequently failed to meet his obligation prior to the time that he voluntarily went into bankruptcy (some 34 days thereafter) is not of itself sufficient evidence of obtaining property by false pretenses. In the present case the petition alleges that the defendant, while insolvent, began a systematic scheme of making purchases with no present purpose of paying for them. In *Atlanta Skirt Mfg. Co. v. Jacobs,* 8 Ga. App. 299,

300 (68 S. E. 1077), this court held: "To buy goods without a present intention to pay is a false representation of one's intention. Therefore, to buy goods without a present intention to pay will avoid a discharge. Of course, ordinarily, promises to perform some act in the future will not amount to fraud in legal acceptation, although subsequently broken without excuse. This is especially true of a promise to pay money. Otherwise any breach of contract would amount to fraud. But the intent with which a promise which has been violated was made is for the jury." The allegations of the petition are sufficient as against a general demurrer to remove this case from the principle of *Brooks v. Pitts,* 24 Ga. App. 386, supra, and to make out a question for the jury as to the intent with which the purchases were made. Furthermore, the allegations that the defendant made 39 purchases from the plaintiff through the use of the charga plate which she falsely represented she had lost after the plaintiff's demand for its return is sufficient to show as against a general demurrer that the plaintiff parted with its goods on the faith of the alleged false representation. Cf. *Garbutt Lumber Co. v. Walker,* 6 Ga. App. 189 (1) (64 S. E. 698). The petition adequately alleges all of the elements necessary to make out an action for fraud and deceit.

It is further contended that the general demurrer should have been sustained because the plaintiff by the exercise of ordinary care could have discovered the falsity of the representations on which the action is based. At least with regard to the alleged demand by the plaintiff for the return of the charga plate on August 4, 1959, the petition discloses a situation involving the existence of a material fact, the verity of which must needs be ascertained from the statement of the one acquainted therewith, and under the principle stated in *Deibert v. McWhorter,* 34 Ga. App. 803, supra, we think the plaintiff had a right to rely on the truth of the defendant's statements with reference thereto. As the Supreme Court itself observed in *Fenley v. Moody,* 104 Ga. 790, 793 (30 S. E. 1002), "We are not aware of any rule of law, or decision of any court, that goes to the extent of saying that one who has been imposed upon by a deceitful and false statement can have no relief unless, before

acting upon such a statement, he had exhausted all means at his command to ascertain its truth. This would be, in effect, holding that scarcely under any circumstances will relief be granted to one who has been the victim of misplaced confidence in his fellow-man." The petition in the present case therefore presents a question for the jury in this regard. "Ordinarily the question whether the complaining party could have ascertained the falsity of the representations by proper diligence is for the determination by the jury." *Elliott v. Marshall,* 179 Ga. 639, 640 (176 S. E. 770) and cit. See also *Johnson v. Sherrer,* 197 Ga. 392, 395 (29 S. E. 2d 581); *Dorsey v. Green,* 202 Ga. 655, 659 (44 S. E. 2d 377); *Holt v. Gloer,* 44 Ga. App. 685 (162 S. E. 663); *Georgia Fruit Growers, Inc. v. Vaughn,* 45 Ga. App. 17 (2) (163 S. E. 221); *Daniel v. Dalton News Co.,* 48 Ga. App. 772, 775 (173 S. E. 727); *Stovall v. Rumble,* 71 Ga. App. 30, 35 (29 S. E. 2d 804); *Norris v. Hart,* 74 Ga. App. 444, 446, supra. While we entertain grave doubts as to whether items purchased prior to May 14, 1959, upon which date a purchase for $20.60 is shown by the attached exhibit to have been made, which should have resulted in a checking of the defendant's credit rating under the procedure alleged in the petition, and whether the $137.44 balance due on May 1, 1959, prior to the inception of the alleged fraudulent scheme, are properly included in the present action, such defects are not attacked by special demurrer, and the general demurrer to the petition as a whole is without merit.

■ The defendant has demurred specially to the whole of paragraphs 5 and 10 of the petition as being conclusions of the pleader. From what has been said above, these grounds of demurrer are without merit.

The court did not err in overruling the general and special demurrers.

*Judgment affirmed. Nichols and Bell, JJ., concur.*