39992.   DAUGERT v. HOLLAND FURNACE COMPANY.

DECIDED APRIL 3, 1963.

568

*Aaron Baranan,* for plaintiff in error.

*Nick G. Lambros, Casper Rich,* contra.

FELTON, Chief Judge. "Where the purchaser of personal property has been injured by the false and fraudulent representations of the seller as to the subject matter thereof, he ordinarily has an election whether to rescind the contract, return the article, and sue in tort for fraud and deceit, or whether to affirm the contract, retain the article, and seek damages resulting from the fraudulent misrepresentation. . ." *Nichols v. Williams Pontiac, Inc.,* 95 Ga. App. 752 (1) (98 SE2d 659); *Dunn v. Citizens &c. Co.,* 47 Ga. App. 600 (1) (171 SE 170); *Code* §§ 96-201, 96-202, 20-502, 37-703, 105-302. In the instant case we construe

the petition as one sounding in tort for fraud and deceit, rescinding the contract, since under the allegations the contract was fraudulently induced. The plaintiff alleged compliance with the requirement of *Code* § 20-906 of an offer to restore the subject matter of the contract by his request of the defendant to remove the installation.

"In Georgia the essential elements of a cause of action for the common-law tort of deceit based upon fraud have been stated to be: '(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted upon by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) *his right to rely thereon;* and (9) his consequent and proximate injury.' (Emphasis added). *Snow's Laundry &c. Co. v. Georgia Power Co.,* 61 Ga. App. 402, 405 (6 SE2d 159)." *Doanes v. Nalley Chevrolet, Inc.,* 105 Ga. App. 846, 847 (125 SE2d 717). "Misrepresentations are not actionable unless the hearer was justified in relying on them in the exercise of common prudence and diligence." *Doanes v. Nalley Chevrolet, Inc.,* supra, at p. 848, citing *Brim v. Couch,* 184 Ga. 310 (191 SE 94); *Lewis v. Foy,* 189 Ga. 596 (6 SE2d 788); *Jackson v. Smith,* 94 Ga. App. 697 (96 SE2d 193); *Camp Realty Co. v. Jennings,* 77 Ga. App. 149 (47 SE2d 917); 37 CJS 271, Fraud, § 30. "Where the basis upon which the contract was entered upon lies in the existence or nonexistence of certain material facts, the verity of which needs must be ascertained from the statement of one acquainted with such facts, each of the contracting parties has a right to rely upon the truth of the other's statements with reference thereto, when such statements relate to matters apparently within the knowledge of the party asserting them; and to do this without checking up the statements with the declarations of other and different persons, in order, by such an investigation, to test their probable truth [citations]." *Deibert v. McWhorter,* 34 Ga. App. 803, 804 (132 SE 110); *Anderson v. R. H. Macy & Co.,* 101 Ga. App. 894, 897 (115 SE2d 430). "We are not aware of any rule of law, or decision of any court, that goes to the extent of saying that one who has been imposed upon by a deceitful and false statement

can have no relief unless, before acting upon such a statement, he had exhausted all means at his command to ascertain its truth. This would be, in effect, holding that scarcely under any circumstances will relief be granted to one who has been the victim of misplaced confidence in his fellow-man." *Fenley v. Moody*, 104 Ga. 790, 793 (30 SE 1002); *Anderson v. R. H. Macy & Co.*, supra, at p. 898. "The right to rely on representations is generally conceded where the hearer lacks equal facilities for ascertaining the truth, as where the facts are peculiarly within the knowledge of the speaker and are difficult for the hearer to ascertain, as where misrepresentations relate to latent defects, where, because of the hearer's ignorance and inexperience, it would be necessary for him to employ a third person to make an examination in order to learn the truth, where the employment of an expert would be required, or where from the circumstances attending the transaction the hearer is compelled to rely on the speaker's statements. Redress for fraud may also be had where, there being no particular confidential relation, reliance is placed on the speaker on account of his special knowledge and the hearer's ignorance, as where the speaker is an expert with respect to the transaction involved and the hearer is not; and in such cases the hearer may without further investigation rely on the speaker's statements even where they might otherwise be deemed mere expressions of opinion or 'dealers' talk,' or assertions of quality or value. To come within this rule it is not, however, necessary that the fact misrepresented should have been exclusively within the speaker's knowledge." 37 CJS 279, Fraud, § 34 (a). "[T]he tendency of modern decisions is not to extend but to restrict the rule requiring diligence and similar rules, such as caveat emptor and the rule granting immunity for dealer's talk, and to condemn the falsehood of the fraud-feasor rather than the credulity of his victim." 37 CJS 274, Fraud, § 30 (b).

"Ordinarily the question whether the complaining party could have ascertained the falsity of the representations by proper diligence is for determination by the jury." *Elliott v. Marshall*, 179 Ga. 639 (176 SE 770); *City of Dalton v. U. S. Fidelity &c. Co.*, 216 Ga. 602, 604 (118 SE2d 475); *Anderson v. R. H. Macy*

& Co., 101 Ga. App. 894, 899, supra and cit.; *Pirkle v. Gurr*, 218 Ga. 424, 426 (128 SE2d 490). In the present case it is alleged that the defendant had done satisfactory work for the plaintiff in the past, that the plaintiff was a layman as to such matters, that the plaintiff was led to believe that one of the employees was an engineer and that his home and family were in jeopardy if he did not replace the heating system. We think these allegations are sufficient to authorize a jury to find that the plaintiff was justified in relying on the alleged misrepresentations in the exercise of common prudence and diligence. The other eight essential elements of the cause of action for fraud and deceit having been alleged, the petition was not subject to the general demurrer; therefore the court erred in its judgment sustaining the demurrer and dismissing the action.

*Judgment reversed. Eberhardt and Russell, JJ., concur.*