## 24513. GAINES et al. v. WATTS.

UNDERCOFLER, Justice. James S. Gaines and Boyd E. Cupp filed suit in the Superior Court of Fulton County against Earl L. Watts seeking a temporary and permanent injunction against him to prevent the foreclosure of a certain note and security deed, the cancellation of said note and security deed, $10,000 as damages plus reasonable attorney's fees, and for general relief.

The petitioners allege that they purchased certain real property from the defendant on June 27, 1966, and paid him $10,000 in cash, executed a note in the amount of $15,000 and a security deed on the property, and assumed two outstanding mortgages in the amount of $53,106.91; that the defendant knew that the property was purchased by them for the operation of apartments in combination with the renting of rooms on a daily, weekly and monthly basis; that at all times the defendant did wilfully and fraudulently with the intention of deceiving the plaintiffs, misrepresent and assure them that the premises in question were being operated as a rooming house and an apartment house and were duly licensed for that purpose by the City of Atlanta, that on several occasions he exhibited lists of "roomers," schedules of the rents being collected and a receipt from the City of Atlanta for the license he had obtained; that a large sign erected in front of the premises advertised the property as a rooming house; that the plaintiffs relied on such misrepresentations and inspected the property on numerous occasions before its purchase and from all appearances it was being used for the operation of a rooming house and apartments; that two days before the sale was consummated one of the plaintiffs visited the premises and found many of the apartments rented and ten or twelve roomers therein. It further alleges that the defendant had "dressed" the apartments and rooms with people who he knew would not be there after the sale of the subject property but would move and that part of these persons were his employees; that such acts were a part of a scheme and device intended to mislead plaintiffs into purchasing the property when the same was not as represented but was in fact "salted" to give an appearance different from that which actually existed.

After the plaintiffs purchased the property, they discovered that

the premises were not licensed by the City of Atlanta for rooming house use because they did not meet the standard requirements. It was not financially feasible for them to acquire a license because of the absence of parking facilities and the inadequate insulation of the walls. They were notified by the inspector of buildings for the City of Atlanta on July 26, 1966, to cease the illegal operation of a rooming house on the premises; that the defendant wilfully and fraudulently deceived the plaintiffs by misrepresenting material facts to them and has refused to rescind the transaction and take back his property; that he has threatened to foreclose the $15,000 note and security deed given to him; that the property has failed as a good and valuable consideration for the money paid and for the execution of said note and security deed because they have no purpose for which it can be used; that it cannot be used for the purpose for which it was purchased, its value is greatly reduced and the defendant is liable to them for his fraud and deceit in the amount of the reduced value of the real property; that the reasonable fair market value of the property was represented to be $77,000 when in fact it was only worth $50,000; that the $15,000 note and security deed should be canceled and declared void for want of consideration and the plaintiff should recover $12,000 additional damages; that the plaintiffs will suffer irreparable injury if the defendant forecloses the note and security deed.

The amended petition alleges that after the suit was filed against the defendant, and after the rule nisi issued setting a day for the hearing on the temporary injunction prohibiting the sale of said property under the note and security deed, the defendant did deliberately, wilfully and intentionally proceed with the sale of the subject property and purchased it at his own sale for an inadequate and unfair price and under conditions which were not fair and that the said sale should be vacated, set aside and declared void; that since said sale the defendant has attempted to collect rents from the present tenants in said building, and they prayed that he be enjoined from going on the premises and interfering with the property in any way.

The defendant filed a motion to dismiss the petition because it did not set out a cause of action against him either in law or in equity. The motion was sustained by the trial judge and the petition was dismissed. The appeal is from that judgment. *Held:*

*Code Ann.* § 37-703 provides: "Misrepresentation of a material fact, made wilfully to deceive, or recklessly without knowledge, and acted on by the opposite party, or if made by mistake and innocently, and acted on by the opposite party, constitutes legal fraud." *Code* § 37-705 provides: "Fraud may be consummated by signs or tricks, or through agents employed to deceive, or by any other unfair way used to cheat another." *Code* § 37-709 provides: "Fraud will authorize equity to annul conveyances, however solemnly executed."

The allegations of the amended petition are sufficient to show actual fraud on the part of the defendant. *Fenley v. Moody,* 104 Ga. 790 (30 SE 1002); *Flannagan v. Clark,* 207 Ga. 345 (1) (61 SE2d 485). Compare *Kirven v. Blackett,* 208 Ga. 178, 182 (65 SE2d 791). "While a party must exercise reasonable diligence to protect himself against the fraud of another, he is not bound to exhaust all means at his command to ascertain the truth before relying upon the representations. Ordinarily the question whether the complaining party could have ascertained the falsity of the representations by proper diligence is for determination by the jury." *Elliott v. Marshall,* 179 Ga. 639, 640 (136 SE 770), citing *Fenley v. Moody,* supra; *Summerour v. Pappa,* 119 Ga. 1 (5) (45 SE 713).

It was error for the trial court to sustain the motion of the defendant and dismiss the plaintiffs' petition on the basis that it did not set out a cause of action against him.

*Judgment reversed. All the Justices concur, except Duckworth, C. J., who dissents.*

SUBMITTED MARCH 12, 1968—DECIDED APRIL 8, 1968—
REHEARING DENIED MAY 9, 1968.

*Rich, Bass, Kidd & Broome, Casper Rich, C. Richard Avery,* for appellants.

*Webb, Parker & Ferguson, John Tye Ferguson, Standish Thompson,* for appellee.