## WRENN & SONS *v.* TRUITT.

FISH, J.   One is not liable, in an action of deceit, for the expression of a mere opinion as to the solvency or credit of another, though made in writing. The statement shown by the plaintiffs to have been made by the defendant was mere matter of opinion, and was of itself sufficient to suggest inquiry on the part of the plaintiffs.   If they relied upon it, they did so at their own risk.

The verdict for the defendant was demanded and the overruling of the plaintiffs' motion for a new trial was proper, irrespectively of the alleged errors of the court in admitting evidence and in instructing the jury.

*Judgment affirmed.   All the Justices concurring, except Lumpkin, P. J., absent.*

Argued November 18, — Decided December 11, 1902.

Action of deceit.   Before Judge Longley.   City court of La-Grange.   April 19, 1902.

The representations on which the action was based were made in reply to a letter of the plaintiffs, in which they said: "We are referred to you by [a named person], and we would thank you to advise us by return mail as to his character, habits, and financial responsibility.   Do you think we would be safe in extending to him a $500.00 line on four months time?   Information given will be considered strictly confidential."   The reply was written at the bottom of this letter, and was as follows: "In reply to the above will state that the party in question is a live, energetic business man.   He is a man without much capital, but is strictly honest and has met all his obligations as far as I know.   I consider him good for a line of $500.00 on the terms mentioned above."

Among the authorities cited by counsel were the following: 14 Am. & Eng. Enc. L. (2d ed.) 117 (3), 34; 5 Id. (1st ed.) 324 (a), and citations; *Payne* v. *Smith*, 20 *Ga.* 654; *Savage* v. *Jackson*, 19 *Ga.* 305; *Harrison* v. *Seward*, Id. 312.

*D. J. Gaffney*, for plaintiffs.   *A. H. Thompson*, for defendant.