47544.   MOLTON et al. v. COMMERCIAL CREDIT CORPORATION.

ARGUED OCTOBER 5, 1972—DECIDED OCTOBER 23, 1972.

*Melton, McKenna & House, Doye E. Green,* for appellants.
*Harris, Russell & Watkins, Joseph H. Davis,* for appellee.

EBERHARDT, Presiding Judge. ■ We can find no basis for a charge of libel. "A libel is a false and malicious defamation of another, expressed in print, or writing, or pictures, or signs, tending to injure the reputation of an individual, and expose him to public hatred, contempt or ridicule. The publication of the libelous matter is essential to recovery." *Code* § 105-701.

It does not appear that Commercial Credit has published anything in writing, printing, pictures, signs, etc. concerning the plaintiffs. Not having done so, a recovery was unauthorized. *Citizens & Southern Nat. Bank v. Hendricks,* 176 Ga. 692 (168 SE 313, 87 ALR 230). The evidence is undisputed that the only information passed to the credit bureau from Commercial Credit was done by telephone when it related to the credit bureau what its record disclosed as to the Molton account. Libel is not committed by an *oral* defamation, even if the information passed to the credit bureau were found to be defamatory in nature.

But we see nothing in the information relayed by Commercial Credit to the credit bureau that could be said to be defamatory. It was simply a true statement that the Moltons had had an account with it and that a portion of the account had been written off. It had not received full payment of the account when the settlement was worked out between Commercial Credit and Allstate; and, in order to meet the agreement made with Allstate, Commercial Credit had written off the balance after crediting the settlement

payment. Its file on the Moltons had been closed and no demand had ever been made against them for further payment. But it had suffered a loss on the account.

There was no "blacklisting" of the Moltons, as was the case in *White v. Parks & Co.*, 93 Ga. 633 (20 SE 78).

■ We see no wrongful invasion of privacy. Plaintiffs made application for credit and authorized Watts to secure a credit report on them. In so doing there was an authorization, express or implied, that the credit bureau obtain information that might assist Watts in assessing plaintiffs' credit status in connection with their application for a home loan. That kind of information is obtainable from parties with whom the applicants had had credit dealings.

"The right of privacy . . . like every other right that rests in the individual, may be waived by him . . . [and] this waiver may be either express or implied." *Pavesich v. New England Life Ins. Co.*, 122 Ga. 190, 199 (50 SE 68, 69 LRA 101, 106 ASR 104, 2 AC 561). A waiver resulted when Watts & Company were authorized to obtain the credit report. "Where she seeks and obtains credit from one such as the defendant, she may expect the creditor to investigate her and her reputation, particularly for paying her bills, to ascertain for whom she works, and to communicate with her employer for information about her." *Gouldman-Taber Pontiac v. Zerbst*, 213 Ga. 682, 684 (100 SE2d 881). Cf. *Wrenn v. Truitt*, 116 Ga. 708 (43 SE 52); *Haggard v. Shaw*, 100 Ga. App. 813 (2) (112 SE2d 286).

■ "A corporation is not liable for damages resulting from the speaking of false, malicious, or defamatory words by one of its agents, even where in uttering such words the speaker was acting for the benefit of the corporation and within the scope of the duties of his agency, unless it affirmatively appears that the agent was expressly directed or authorized by the corporation to speak the words in question." *Behre v. National Cash Register Co.*, 100 Ga. 213 (1) (27 SE 986, 62 ASR 320); *Ozborn v. Woolworth*, 106 Ga. 459, 460 (32 SE 581); *World Ins. Co. v. Peavy*, 110 Ga. App. 527, 528 (139 SE2d 155), and cits.

Assuming that an employee in the office of Commercial Credit gave incorrect information to the credit bureau when the bureau called to inquire about Commercial Credit's experience with the Moltons, in that the charge-off on the account had been only $601.84 instead of the $2,453, and assuming, but not deciding, that this misinformation was slanderous in nature, this record is completely barren of evidence that the employee had been authorized or directed to so misinform the credit bureau.

Within the requirement of *Behre v. National Cash Register Co.*, 100 Ga. 213 (1), supra, there was a failure to prove slander by Commercial Credit.

■ Moreover, it appears that the plaintiffs wholly failed to show that they have been damaged. It appears that the home loan applied for was obtained, either on the basis of the credit report from the Macon credit bureau or in spite of it. Their credit standing has not been impaired.

Mrs. Molton urges that she was damaged because when she sought to get the manager of Commercial Credit to correct the information in the files of the credit bureau he replied that he had no authority to do so and that it would have to come from Atlanta. It appears from the record that she testified: "Q. Did he refuse to do so? A. No. Q. But he said that he would [get the authority from Atlanta]? A. That's right. Q. That was satisfactory to you, was it not? A. Yes. Q. And then you left the office. Did you go back to Commercial Credit any more? A. No. Q. Did you call up Commercial Credit any more after that and inquire about the letter? A. No. Q. Do you know whether or not, in fact, on that day or the next or any days thereafter, that anyone had a telephone conversation from the Credit Bureau to Commercial Credit about your account? A. I don't know." The manager testified that the next he heard from Mrs. Molton was when this lawsuit was served on him.

" 'If a tort is committed through mistake, ignorance, or mere negligence, the damages are limited to the actual injury received,' for vindictive or punitive damages are recoverable only when a defendant acts 'maliciously, wilfully, or

with such gross negligence as to indicate a wanton disregard of the rights of others.'" *State Mutual Life &c. Assn. v. Baldwin,* 116 Ga. 855, 860 (43 SE 262).

A careful reading of the record does not reveal any basis for the award of damages on any theory, and there was no error in the direction of the verdict for the defendant.

*Judgment affirmed. Deen and Clark, JJ., concur.*