**The TRAVELERS INSURANCE COMPANY, Plaintiff,**

v.

**PANAMA–WILLIAMS, INC., Defendant.**

**No. 76–C–124–C.**

United States District Court, N. D. Oklahoma.

Sept. 24, 1976.

Thomas R. Brett, Tulsa, Okl., for plaintiff.

E. W. Keller, Oklahoma City, Okl., for defendant.

## ORDER

COOK, District Judge.

The Court has before it for consideration a Motion to Dismiss filed herein by the defendant, Panama-Williams, Inc., (hereinafter Panama-Williams). Defendant asserts as grounds for said motion that: 1.) The Court lacks jurisdiction over the defendant, and 2.) The defendant has not been properly served with process in the action. Defendant does not specify in its Motion or in its brief in support thereof in what particulars the service of process is deficient. The Court cannot determine from the face of the Summons or the Marshal's Return of Service of Summons that defendant was not properly served. This contention is therefore not grounds upon which to sustain the Motion to Dismiss.

In regard to the allegation that this Court lacks jurisdiction over the defendant, defendant asserts that its liability for the death of an employee is exclusively limited to workmen's compensation. The following factual situation allegedly gave rise to this cause of action. An employee of defendant, Panama-Williams, was killed when a tractor with a side boom, driven by another of Panama-Williams' employees, and with whom the deceased employee was working, was driven into and within six feet of high voltage electrical lines owned by Gulf Oil Corporation (hereinafter Gulf). It is alleged that when the tractor and side boom came in contact with the high voltage lines, an electrical impulse entered the cable extending from the boom, causing the death of defendant's employee. The deceased employee's widow brought a wrongful death action against Gulf which resulted in Gulf's incurring liability in the amount of $65,-

000.00 plus attorney fees and expenses of $13,046.23. The plaintiff herein, The Travelers Insurance Company (hereinafter Travelers) had a policy of liability insurance extending coverage to Gulf to pay all investigative expenses, cost of defense and judgment relating to said wrongful death claim. As a result of this coverage, Travelers paid, on behalf of Gulf, the sum of $78,046.23. Travelers contends that by virtue of an Oklahoma statute, Panama-Williams is under a duty to indemnify Gulf for the liability incurred and further that Travelers is subrogated to the rights of Gulf. Travelers further states that defendant, Panama-Williams, was advised of the pendency of the wrongful death litigation and of Travelers' contention that Panama-Williams was, by statute, obligated to indemnify Gulf.

Plaintiff asserts that an employee and agent of Panama-Williams violated Title 63 O.S. §§ 981 through 986, which require a contractor to not use or employ a piece of equipment within six feet of a high voltage line. The section relied upon by plaintiff in asserting a duty on the part of defendant to indemnify Gulf states:

> "If such a violation results in physical or electrical contact with any overhead high voltage line or conductor, the person, firm, corporation or association violating the provisions of this Act, shall be liable to the owner or operator of such high voltage line or conductor for all damage to such facilities and *for all liability incurred by such owner or operator as a result of any such accidental contact.* (emphasis added)

Defendant, Panama-Williams, states that it has, by its workmen's compensation carrier, already provided death benefits under the Workmen's Compensation Act of Oklahoma and that this Act is "exclusive" and "in place of all other liability" of Panama-Williams. Title 85 O.S. § 12 provides in pertinent part:

> "The liability prescribed in the last preceding section shall be exclusive and in place of all other liability of the employer and any of his employees, at common law or otherwise, for such injury, loss of services or death, to the employee spouse, personal representative, parents, dependents, or any other person   .   .  .."

Panama-Williams also contends that Travelers has no cause of action against Panama-Williams because Travelers has no right of contribution or indemnity from a joint tortfeasor.

### Is Plaintiff's Action Barred By The Provisions Of The Workmen's Compensation Act?

■ In making the above determination it would appear the Court must ascertain: 1) Whether plaintiff is asserting an independent cause of action; 2) If independent, is it in any event barred by the provisions of the Act. Panama-Williams argues that Travelers is alleging, in effect, that it stands in the same shoes as the surviving widow because of subrogation. Travelers, however, claims to "stand in the same shoes" as Gulf because of subrogation, and clearly is not basing its cause of action on any rights of the widow, but rather solely upon its alleged right to indemnification. As previously stated, 63 O.S. § 984 provides that a firm violating the provisions of the statute "shall be liable to the owner or operator of such high voltage line   .   .   . for all liability incurred by such owner or operator as a result of any such accidental contact." On a motion to dismiss, the allegations of the complaint are accepted as true. *Wilshire Oil Company v. Riffe,* 409 F.2d 1277 (10th Cir. 1969). For purposes of this Motion, therefore, the Court accepts as true plaintiff's allegation that Panama-Williams, by and through its employee did, in fact, operate equipment within six feet of a high voltage overhead line in violation of 63 O.S. § 981.

■ As stated, plaintiff bases its right to recover solely upon a statutory right to indemnification and is not attempting to assert any rights of the widow or any one claiming under or through the deceased employee. In *Ryan Stevedoring Company v. Pan-Atlantic Steamship Corporation,* 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1956) the Supreme Court recognized this distinc-

tion. In *Ryan,* a longshoreman was injured unloading cargo and collected compensation under the Longshoremen's and Harbor Worker's Compensation Act from his employer, Ryan Stevedoring Company. In addition, he sued Pan-Atlantic Steamship Corporation and obtained a judgment for a much larger sum. Pan-Atlantic brought a third-party complaint against Ryan for indemnification based upon a prior agreement to perform work properly. The language of the Longshoremen's and Harbor Worker's Compensation Act is similar to that of Oklahoma's Workmen's Compensation Act in that it provides:

"The liability of an employer . . . shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death . . .."

The Court stated the obvious purpose of this provision is to make the statutory liability of an employer to contribute to its employee's compensation the exclusive liability of such employer to its employee, or to anyone claiming under or through such employee, on account of his injury or death arising out of that employment. In return the employee, and those claiming under or through him, are given a substantial *quid pro quo* in the form of an assured compensation, regardless of fault, as a substitute for their excluded claims. On the other hand, the Act proscribes no *quid pro quo* for a third party that is compelled to pay a judgment obtained against it for the full amount of the employee's damages. As recognized by the court:

"[T]he Act expressly excludes the liability of the employer 'to the employee,' or others, entitled to recover 'on account of such [employee's] injury or death.' Therefore, in the instant case, it excludes liability of the [employer] to its [employee], and to his kin, for damages on account of the [employee's] injuries. . . . The Act nowhere expressly excludes or limits a [third party's] right, as

a third person, to insure itself against such a liability either by a bond of indemnity, or the [employer's] own agreement to save the [third party] harmless.

The Court thereby recognized the right of a third party to bring suit against an employer based upon an independent cause of action. Similarly, the court in *DeShaw v. Johnson,* 155 Mont. 355, 472 P.2d 298 (1970) in quoting from 2 Larson, Workmen's Compensation § 76.30 stated:

"[T]he immunity conferred is only against actions for damages on account of the employee's injury; a third-party's action for indemnity is not exactly for 'damages' but for reimbursement, and it is not 'on account of' the employee's injury, but on account of a breach of an independent duty owed by the employer to the third party."

Where an employer is under an express contract with a third party to indemnify the third party, generally a workmen's compensation act has been held not to bar recovery. *General Electric Company v. Moretz,* 270 F.2d 780 (4th Cir. 1959). See also 101 C.J.S. *Workmen's Compensation* § 982; *Titan Steel Corporation v. Walton,* 365 F.2d 542 (10th Cir. 1966); *Koninklyke Nederlandsche Stoomboot Maalschappy v. Royal Netherlands Steamship Company,* 301 F.2d 741 (5th Cir. 1962); *DeShaw v. Johnson,* supra. As stated in *Ryan Stevedoring Co., Inc. v. Pan-Atlantic Steamship Corp.,* supra:

"In the face of a formal bond of indemnity this statute clearly does not cut off a shipowner's right to recover from a bonding company the reimbursement that the indemnitor, for good consideration, has expressly contracted to pay. *Such liability springs from an independent contractual right.* It is not an action by or on behalf of the employee and it is not one to recover damages 'on account of' an employee's 'injury or death.' It is a simple action to recover, under a voluntary and self sufficient contract . . .." (emphasis added)

In the case at bar, although plaintiff's alleged right to indemnification is not based

on a contract but rather a statutory right, it is not an action by or on behalf of the employee and it is not one to recover damages on account of an employee's injury or death.

Having determined that the provisions of the Workmen's Compensation Act would not preclude a third party from recovering from the employer if a contractual right to indemnification exists, the Court must determine the rights of the third party when the right to indemnification is based upon a statutory right rather than a contractual right.

In *Peak Drilling Co. v. Halliburton Oil Well Cementing Company,* 215 F.2d 368 (10th Cir. 1954) the court, after noting that the Oklahoma courts had not spoken on the subject, stated:

"[O]ther workmen's compensation acts have been held not to bar the right of indemnity founded upon a special legal relationship other than arising out of participation in a joint wrong to an injured party. *Baugh v. Rogers,* 24 Cal.2d 200, 148 P.2d 633, 152 A.L.R. 1043; *Tabor v. Stewart,* 277 App.Div. 1075, 100 N.Y.S.2d 697; *Gorham v. Arons,* Sup. N.Y. County, 1947, 76 N.Y.S.2d 850."

In *Baugh v. Rogers,* cited above, the employer was driving a vehicle which injured his employee. The employee recovered under workmen's compensation and also brought an action against the owner of the vehicle. The owner then brought a third-party action against the employer-driver based upon the State Vehicle Code which placed upon the bailor responsibility for the bailee's negligence in operation of the bailed property and further provided: "In the event a recovery is had under the provisions of this section against an owner on account of imputed negligence such owner . . . may recover from such operator the total amount of any judgment . ." The court held that nothing in the workmen's compensation statute abrogated the statutory obligation imposed on the driver-employer. As stated by the court:

"What may have been the relationship between the plaintiff in the original ac-

tion and the bailee is immaterial in an action between the bailor and the bailee, *based exclusively upon their independent correlative rights and obligations.*" (emphasis added)

See also *Weyerhaeuser Steamship Co. v. United States,* 372 U.S. 597, 83 S.Ct. 926, 10 L.Ed.2d 1 (1963) and *General Electric Company v. Moretz,* 270 F.2d 780 (4th Cir. 1959); *Burris v. American Chicle Co.,* 120 F.2d 218 (2nd Cir. 1941).

In *Peak Drilling Co. v. Halliburton Oil Well Cementing Co.,* supra, the court denied the third-party claim stating: "There is no contractual or legal relationship between [third party] and [employer] giving rise to an enforceable duty on the part of the [employer] to [the third party]." It would appear in the case at bar, however, that plaintiff is asserting an independent cause of action based upon a statute which creates a legal relationship and therefore the Workmen's Compensation Act does not bar plaintiff from recovery based upon this specific statutory independent right to indemnity.

*Statutory Interpretation and Legislative Intent*

Title 63 O.S. §§ 981 through 987, commonly referred to as the six foot law, were enacted by the Oklahoma Legislature in 1963. Title 85 O.S. § 12 of the Workmen's Compensation Act was enacted in 1915 and was amended in 1951. As provided in 75 O.S. § 22:

"If the provisions of any code, title, chapter or article conflict with or contravene the provisions of any former code, title, chapter or article, the provisions of the latter code, title, chapter or article must prevail as to all matter and questions arising thereunder out of the same subject matter."

The Court further notes that if the provisions of the Workmen's Compensation Act were held to bar recovery pursuant to the six foot law, the protection intended to be afforded by it would to a great extent be nullified. Unquestionably the majority of equipment operators and their employers

would be subject to the Workmen's Compensation Act. To deny recovery to third parties whose loss was occasioned by a violation of the six foot law because the employer was subject to the Workmen's Compensation Act would severely limit the statutory provision that the violator is liable for all liability incurred by the owner of the lines as a result of such violation.

The Court further notes the serious import of the six foot law and the critical subject matter with which it deals. Although the Oklahoma courts have not had occasion to discuss this statute, a similar statute was considered by a California court in *Grason Electric Co. v. Industrial Accident Commission*, 238 Cal.App.2d 46, 47 Cal.Rptr. 439 (1965). The court stated:

> "Safety Order No. 2603 does not deal with such mild occupational hazards as roller towels or common drinking cups. Its subject is deadly and immediate peril. Work in the neighborhood of high-voltage lines exposes the employee to extreme and drastic industrial danger. Death is the usual result of physical contact with a high tension wire, directly or through a conductor. . . . Safety Order No. 2603 . . . prohibits the handling of material or equipment near high-voltage lines, if it is possible to bring it within 6 feet of such lines.
>
> .   .   .   .   .
>
> The safety order imposed stringencies proportionate to the danger. As loudly and powerfully as words can, it expressed an authoritative and inflexible social policy regarding this ultra-hazardous activity. The policy prohibited the employer from taking the slightest gamble with his employee's safety. The prohibition was all the more strenuous because the stakes were so high. Not freedom from injury, but life itself, was at stake."

Considering the nature of the six foot law and the public policy with which it deals, it is even more doubtful that it would be in keeping with the legislative intent were the Court to nullify the liability provisions set out therein by holding plaintiff's cause of action to be barred by the Workmen's Compensation Act.

### Is Plaintiff's Cause Of Action Barred By The Oklahoma Law In Regard To Contribution?

Defendant's second proposition alleges that "the plaintiff is not entitled to any contribution from the defendant and their Complaint should be dismissed." The most obvious argument against this assertion is that plaintiff does not base its cause of action upon any right of contribution but rather upon an independent statutory right of indemnification. In this regard, plaintiff is not asking that defendant be required to bear a portion of the liability incurred, but rather asserts that plaintiff is entitled to be fully indemnified based upon the statute.

Furthermore, the Court concurs in plaintiff's contention that by implication the court in *National Trailer Convoy v. Oklahoma Turnpike Authority*, 434 P.2d 238 (Okl.1967) indicated that a substantive statute such as 63 O.S. § 984 can abrogate the common law doctrine prohibiting contribution or indemnity between joint tortfeasors. The language of 63 O.S. § 984 clearly states that a violator "shall be liable to the owner or operator of such high voltage line or conductor . . . for all liability incurred by such owner or operator as a result of any such accidental contact." The statute thereby clearly abrogates any common law restriction on indemnity in this regard and plaintiff is not barred from asserting its statutory right to indemnification.

Furthermore, the Court notes that Oklahoma has adopted what has been characterized as the "lenient exception" to the general rule of no right to contribution between joint tortfeasors. *Peak Drilling Co. v. Halliburton Oil Well Cementing Co.,* supra. As stated in *Porter v. Norton-Stuart Pontiac-Cadillac,* 405 P.2d 109 (Okl.1965):

> "It may be noted that a right of indemnification has often been sustained even as between joint tort-feasors. . . . One of the exceptions to the general rule denying indemnity as between joint tort-

feasors arises where the one claiming indemnity ' . . . was only technically or constructively at fault, as from a failure to perform some legal duty, and the negligent or wrongful act of the party from whom indemnity is sought was the primary or proximate cause of injury'."

In *Porter* the party seeking indemnification, Norton-Stuart, had paid a portion of a settlement to the plaintiff who was injured when a third party negligently operated a vehicle in the Norton-Stuart facility. The operator of the vehicle and his employer contended that in addition to settling any liability that might have existed against Norton-Stuart under the doctrine of respondeat superior, it had also settled a possible liability for primary negligence of its own, consisting of negligence in failing to maintain reasonably safe premises and a failure to warn its invitee of an allegedly dangerous condition. The court found it immaterial that the party seeking indemnification might have been negligent in failing to maintain safe premises or failing to warn its invitee unless such failure was a proximate or contributing cause of the injury and stated that under the facts of that case, such negligence consisting merely of "failure to perform some legal duty" could not be said to be the "primary or proximate cause of the injury." As stated by the court:

> "It is well settled that 'The proximate cause of any injury must be the efficient cause which sets in motion the chain of circumstances leading to the injury; if the negligence complained of *merely furnishes a condition* by which the injury was possible and a *subsequent act caused the injury,* the existence of such condition is not the proximate cause of the injury.' (Emphasis supplied). *Cheatham v. Van Dalsem,* Okl., 350 P.2d 593."

The record does not sufficiently apprise the Court of the facts surrounding the accident which resulted in the death of defendant's employee to ascertain whether or not Travelers would be entitled to indemnification under the "lenient exception" rule recognized in Oklahoma, even absent Travelers'

statutory right to indemnification. Based upon the above, it is the determination of the Court that defendant's Motion to Dismiss should be, and hereby is, overruled.