Trent T. HICKSON, Plaintiff,

v.

HOME FEDERAL OF ATLANTA, Defendant.

No. 1:92–cv–914–RHH.

United States District Court, N.D. Georgia, Atlanta Division.

Sept. 28, 1992.

Trent T. Hickson, Somerset, N.J., for plaintiff.

Hugh Marshall Worsham, Jr., Hishon & Burbage, Michael J. Shavel and Hill Wallack, Princeton, N.J., for defendant.

## ORDER

ROBERT H. HALL, District Judge.

This is a civil rights and fair housing action brought pursuant to 42 U.S.C. §§ 1981, 3605, 3613, and 3617; an action for violation of a bankruptcy stay brought pursuant to 11 U.S.C. § 362; and a state law action for invasion of privacy. Jurisdiction is vested with the Court pursuant to 28 U.S.C. § 1331. This case is before the Court on Defendant's Motions to Dismiss for insufficiency of service of process, and for failure to state a claim [4], and on Plaintiff's Motion for Summary Judgment. [11]. The Court GRANTS in part and DE-

NIES in part Defendant's Motion to Dismiss, and DENIES Plaintiff's Motion for Summary Judgment.

## BACKGROUND

Plaintiff, Trent T. Hickson ("Hickson"), is an African–American currently living in the State of New Jersey. Defendant, Homebanc Federal Savings Bank[1] ("Homebanc"), is a banking corporation in the State of Georgia. On December 29, 1984, Hickson purchased property at 4397 Coopers Creek Drive in Smyrna, Georgia ("the Property") with a $64,000 loan from Homebanc. Hickson executed and gave to Homebanc a promissory note ("the Note") in the amount of $64,000, secured by a security deed to the Property. The Security Deed entitled Homebanc to foreclose on the Note should Hickson sell or transfer any part of the Property without Homebanc's prior written consent.

In 1985, Hickson relocated to New Jersey, and leased the Property to various tenants between 1985 and 1991. In September of 1990, Hickson transferred title to the Property to a New Jersey corporation ("the Corporation"), of which he was either an "independent director," or "the owner." Complaint, p. 4. Homebanc treated the transfer as a default under the Security Deed, and shortly thereafter began foreclosure proceedings on the Property. Hickson offered to deed the property to Homebanc in lieu of foreclosure, but Homebanc refused the offer.

James W. Cloud, a Homebanc representative, testified that in January of 1985, Homebanc sold Hickson's Note and Deed to the Federal National Mortgage Association ("FNMA"), and assumed the responsibilities of FNMA's servicing agent. Affidavit of James W. Cloud, p. 2. Mr. Cloud testified further that it is FNMA's standard policy not to accept deeds in lieu of foreclosure on residential mortgages that are in default, and that Homebanc, as FNMA's servicing agent, refused Hickson's offer

1. Hickson mistakenly plead Defendant's name as "Home Federal of Atlanta." Defendant was called Home Federal Savings and Loan Association of Atlanta when it lent money to Hickson, but had changed its name to Homebanc Federal Savings Bank by the time this suit was filed. The Court will refer to Defendant as Homebanc throughout this Order.

pursuant to that policy. *Id.* at 2–3. Homebanc also alleges that Hickson has failed to make any payments on the Note since February, 1991, and that such failure is a default under the Security Deed, entitling Homebanc to foreclose on the Property. Motion to Dismiss, ¶ 10.

On May 16, 1991, Hickson filed for Chapter 13 bankruptcy, automatically staying Homebanc's foreclosure proceedings. The U.S. Bankruptcy Court dismissed Hickson's bankruptcy case on January 7, 1992, thus lifting the stay. Hickson alleges that while his bankruptcy petition was pending, Homebanc reported to a credit agency that Hickson was delinquent on his loan payments. Complaint, p. 6.

Hickson claims that by refusing to accept his deed in lieu of foreclosure, Homebanc violated 42 U.S.C. §§ 3605, 3613 & 3617 prohibiting discrimination in the financing of housing. Complaint at p. 1. Hickson alleges specifically that Homebanc "deliberately and maliciously inflicted distress by exhibiting unreasonable business conduct that has resulted in violations of rights secured to the plaintiff by 42 U.S.C. § 3605, § 3617, § 3613." *Id.* at 7. Hickson claims also that Homebanc violated 42 U.S.C. § 1981, guaranteeing Hickson equal rights under the law, by foreclosing on the Note and reporting financial information regarding Hickson to credit agencies. *Id.* at 1. Hickson alleges that Homebanc's actions "caused interference with [his] business affairs of employment, and capabilities to conduct trade and commerce," and that its actions were "deliberate and malicious." *Id.* at 1, 7. Hickson claims further that Homebanc violated 11 U.S.C. § 362[2], imposing an automatic stay on various legal proceedings against a party that has filed for bankruptcy, by reporting financial information regarding Hickson to a credit agency. Hickson's Brief in Opposition to Defendant's Motion to Dismiss, p. 2. Finally, Hickson claims that Homebanc tortiously invaded his privacy by making its report to the credit agency. *Id.* at 4; Complaint, p. 1.

Homebanc has moved the Court to dismiss Hickson's complaint due to insufficient service of process and Hickson's failure to state a claim upon which relief can be granted. [4]. Hickson has moved the Court to grant him Summary Judgment on all claims against Homebanc. [11]. Hickson originally filed his suit in Federal District Court in New Jersey. At oral argument on Homebanc's Motion to Dismiss, Homebanc challenged the venue. The New Jersey district court found that it had "no personal jurisdiction over Defendant and that venue in the District of New Jersey is improper," and transferred the case to this Court. Order of April 8, 1992. Thus, the case is before this Court on Homebanc's Motion to Dismiss and Hickson's Motion for Summary Judgment.

### DISCUSSION

#### A. *Homebanc's Motion to Dismiss for Insufficient Service of Process.*

In support of its Motion to Dismiss for lack of jurisdiction, Homebanc asserts that it was served "by mail only, a method of service not authorized under Fed.R.Civ.P. 4 except in accordance with the specific procedures set forth therein." Homebanc's Memorandum in Further Support of its Motion to Dismiss, p. 2. Homebanc contends further that "[s]ince those procedures have not been satisfied, plaintiff's Complaint is subject to dismissal." *Id.* Homebanc does not elaborate on its assertion, and does not inform the Court specifically how Hickson failed to satisfy Rule 4's requirements.

Federal Rule of Civil Procedure 12(b)(5) recognizes motions to dismiss for "insufficiency of service of process." If a party fails to raise a Rule 12(b) objection sufficiently in its answer, or by motion, the objection is waived. Fed.R.Civ.P. 12(h)(1). The Court has not found any case law

---

**2.** Hickson raises this claim for the first time in his brief in opposition to defendant's motion to dismiss. Although Hickson did not formally inform the Court that he intended his brief to amend his complaint by adding this claim, in light of Hickson's *pro se* status, the Court will treat the brief as both an opposition to defendant's motion to dismiss and an amended complaint.

within the Eleventh Circuit explaining the detail with which a party making a rule 12(b)(5) motion must describe the insufficiency of the service. Courts in other circuits, however, have found that the objection "must be specific and must point out in what manner the plaintiff has failed to satisfy the requirements of the service provision utilized." *Photolab Corp. v. Simplex Specialty Co.*, 806 F.2d 807, 810 (8th Cir.1986) (citing *Travelers Ins. Co. v. Panama–Williams, Inc.*, 424 F.Supp. 1156, 1157 (N.D.Okla.1976)), *cited with approval by King v. Best Western Country*, 138 F.R.D. 39, 43 (S.D.N.Y.1991), *and* 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1353 (1990).

In *Panama–Williams*, the defendant filed a Motion to Dismiss, but failed to specify in its motion "in what particulars the service of process [was] deficient." 424 F.Supp. at 1157. Because the court was unable to determine from looking at the summons and the marshal's return of service that the defendant was not properly served, the court found that it could not sustain the motion to dismiss. *Id.*

The facts in the case before the Court are very similar to those in *Panama–Williams*. Homebanc, in its Motion to Dismiss, concedes that it was served by mail, but protests obtusely that certain unenumerated "procedures" were not "satisfied." Homebanc's Memorandum in Further Support of its Motion to Dismiss, p. 2. Homebanc gives the Court no hint as to which procedures it refers, nor does Homebanc suggest how Hickson failed to satisfy them. Furthermore, neither the summons nor the return of service were entered into the record, so the Court is unable to make an independent determination of whether Homebanc was properly served.

■ The Court adopts the requirement enunciated in *Panama–Williams*, that Homebanc must specify in its brief in support of its Motion to Dismiss in what par-

ticulars service of process was deficient. Based on this requirement, the Court finds that Homebanc failed to object properly to the sufficiency of Hickson's service of process. The Court, therefore, DENIES Homebanc's Motion to Dismiss for Insufficiency of Service of Process.

**B.** *Homebanc's Motion to Dismiss for Failure to State a Claim.*

1. Standard of Review.

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint which fails "to state a claim upon which relief can be granted." In consideration of a Rule 12(b)(6) motion, the court may look only to the pleadings. *See* Rule 12(b). The court furthermore construes the pleadings broadly, accepting all facts pleaded therein as true and viewing all inferences in a light most favorable to the nonmoving party. *Cooper v. Pate*, 378 U.S. 546, 546, 84 S.Ct. 1733, 1733, 12 L.Ed.2d 1030 (1964). Thus, a motion to dismiss will be granted only if "it appears beyond doubt that the [nonmovant] can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

■ A *pro se* complaint is held to even less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972) (*pro se* complaints are to be liberally construed); *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976) (same); *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir.1976) (same).

2. 42 U.S.C. §§ 3605, 3613, 3617.

■ To state a claim under section 3605 of the Fair Housing Act,[3] Hickson must plead that: (1) he was a member of a protected class; (2) he attempted to engage in a "real estate-related transaction" with Homebanc, and met all relevant qualifica-

---

**3.** 42 U.S.C. § 3605 states:
(a) In general
It shall be unlawful for any person or other entity whose business includes engaging in residential real estate-related transactions to

discriminate against any person in making available such a transaction, or in the terms or conditions of such a transaction, because of race, color, religion, sex, handicap, familial status, or national origin....

tions for doing so; (3) Homebanc refused to engage in the transaction despite Hickson's qualifications; and (4) Homebanc continued to engage in that type of transaction with other parties with qualifications similar to Hickson's. *See Secretary, HUD ex rel. Herron v. Blackwell,* 908 F.2d 864, 870 (11th Cir.1990).

■ Hickson, in his Complaint, informs the Court that he is an African–American, and asserts that Homebanc's "decision to decline the plaintiff's offer [to give Homebanc his deed in exchange for Homebanc's agreement not to foreclose] was racially motivated." Complaint, pp. 2, 3, 7. Nowhere, though, does he plead that he met whatever qualifications may exist for making such an exchange, or that Homebanc engages in such exchanges with any other parties, let alone parties with qualifications similar to his. Because Hickson has failed to state a claim under 42 U.S.C. § 3605, the Court GRANTS Homebanc's Motion to Dismiss Hickson's claim under section 3605.

■ 42 U.S.C. § 3617 prohibits others from interfering with one's exercise of his rights under various sections of the Fair Housing Act.[4] Hickson has failed to state a claim under section 3617. As discussed above, Hickson has not alleged that he possessed the requisite qualifications for any transactions he wished to make, nor has he alleged that Homebanc treated similarly qualified people differently. Hickson has also failed to allege that he attempted to engage in similar transactions with other parties and that Homebanc interfered with his attempts. Apart from his seemingly gratuitous declaration that he was the victim of "racial discrimination," Hickson has failed to plead any facts that might suggest that Homebanc violated the Fair Housing Act.

42 U.S.C. § 3613 merely gives plaintiffs the power to bring civil actions for violations of the Fair Housing Act. Because Hickson did not plead the basic elements of a substantive Fair Housing Act violation, he has failed to state a claim under section 3613. The Court, therefore, GRANTS Homebanc's Motion to Dismiss Hickson's claims under 42 U.S.C. §§ 3605, 3613, and 3617.

### 3. 42 U.S.C. § 1981.

■ Hickson claims that Homebanc "deliberately and maliciously" "caused interference with Hickson's business affairs of employment, and capabilities to conduct trade and commerce by making his financial condition known to the public through credit reports," and by "enforcing the mortgage note." Complaint, p. 1.

The Eleventh Circuit has found that the elements of a section 1981 claim[5] are similar to those set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973). *Scarlett v. Seabord C.L. R.R.,* 676 F.2d 1043, 1052 (5th Cir. Unit B 1982). To state a claim against Homebanc under section 1981, Hickson must allege in his pleadings that: (1) he met whatever qualifications may exist for having Homebanc forbear on enforcing the mortgage note or making a report to credit agencies; (2) despite his qualifications, Homebanc refused to so forbear; and (3) Homebanc has forbore for other people who share qualifications similar to Hickson's. *See Greason v. Southeastern R.R. Associated Bureaus,* 650 F.Supp. 1, 3 (N.D.Ga.1986) (Ward, J.).

Hickson has failed to plead the elements of a section 1981 claim. As with his claims under the Fair Housing Act, Hickson does not allege that he possessed the requisite qualifications for forbearance, nor that

---

**4.** 42 U.S.C. § 3617 states:
It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title.

**5.** 42 U.S.C. § 1981 guarantees the following:
All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens....

Homebanc has forbore for other people, let alone people with similar qualifications. The Court, therefore, GRANTS Homebanc's Motion to Dismiss Hickson's claim under 42 U.S.C. § 1981.

### 4. 11 U.S.C. § 362.

Hickson alleges that Homebanc violated 11 U.S.C. § 362, which automatically stays various legal proceedings against those who file bankruptcy petitions. Hickson's Brief in Opposition to Homebanc's Motion to Dismiss, p. 2. Hickson claims that Homebanc violated section 362 by reporting to credit agencies Hickson's failure to make payments under the Note. *Id.* at p. 4. This allegation fails to state a claim. Section 362 contains no language prohibiting creditors or any other party from making legitimate reports to credit agencies regarding parties that have filed for bankruptcy. Hickson has failed to allege any set of facts that suggest that Homebanc violated section 362. The Court, therefore, GRANTS Homebanc's Motion to Dismiss Hickson's claim under 11 U.S.C. § 362.

### 5. Defamation.

Hickson alleges that Homebanc defamed him in violation of "Torts 8.5," by "making his financial condition known to the public through credit reports." Complaint, p. 1; Hickson's Brief in Opposition to Homebanc's Motion to Dismiss, p. 4. The Court assumes that Hickson is raising a claim for tortious invasion of privacy, which is addressed in West's Georgia Digest 2d under the heading Torts, key number 8.5.

In Georgia, invasion of privacy is a general term that encompasses four distinct torts: (1) intrusion on plaintiff's seclusion or solitude, or into his private affairs; (2) public disclosure of embarrassing private facts about the plaintiff; (3) publicity which places plaintiff in a false light in the public eye; (4) appropriation, for defendant's advantage, of plaintiff's name or likeness. *Cabaniss v. Hipsley,* 114 Ga.App. 367, 370, 151 S.E.2d 496 (1966). The only form of invasion of privacy that Hickson's allegations even approximate is that Homebanc publicly disclosed embarrassing private facts about Hickson. To maintain a suit for tortious public disclosure of embarrassing private facts, Hickson must allege: (1) that Homebanc disclosed facts about Hickson to the public; (2) that the facts disclosed to the public were private, secluded, or secret facts, and not public ones; and (3) that the matter made public was offensive and objectionable to a reasonable man of ordinary sensibilities under the circumstances. *See Id.* at 372, 151 S.E.2d 496.

Remarkably, the State of Georgia has neither case law nor statutory law addressing the right of a creditor to report credit information to a credit information agency. The Georgia Supreme Court has ruled that a creditor does not commit a tort when it informs a borrower's employer that the borrower is in arrears. *Gouldman–Taber Pontiac, Inc. v. Zerbst,* 213 Ga. 682, 684, 100 S.E.2d 881 (1957). Nor does a creditor commit a tort when, in the process of informing the borrower of his unpaid debt, it divulges the information to telegraph handlers delivering the news to the borrower. *Davis v. General Finance & Thrift Corp.,* 80 Ga.App. 708, 711, 57 S.E.2d 225 (1950).

The Georgia Court of Appeals has also found that a creditor does not tortiously invade a borrower's privacy when it divulges credit information about the borrower to a credit agency, so long as the borrower has consented to a credit check by another potential creditor. *Molton v. Commercial Credit Corp.,* 127 Ga.App. 390, 393, 193 S.E.2d 629 (1972). The court in *Molton* found that the borrower had waived her right to privacy in the information by authorizing a potential future creditor to obtain a credit report on her. *Id.*[6] In an analogous situation, the Georgia Su-

---

**6.** Had Hickson pleaded that he consented to a credit check by another potential creditor, he would have implicitly waived his right to privacy, *see Molton,* 127 Ga.App. at 393, 193 S.E.2d 629, and the Court would have granted Homebanc's Motion to Dismiss. Because Hickson did not make such an allegation, the Court has no reason to believe that he has waived this right.

preme Court has ruled that a tenant "impliedly waive[s] whatever constitution, statutory or common law rights of privacy he may have had in the status of his rental account ... when he allow[s] his rental account to become unpaid when due." *Doe v. Sears*, 245 Ga. 83, 88, 263 S.E.2d 119, cert. den., 446 U.S. 979, 100 S.Ct. 2958, 64 L.Ed.2d 836 (1980).

■ The State of Georgia, however, has never ruled explicitly that the release of credit information to a credit information agency is not an invasion of privacy. Furthermore, the courts' reasonings in the above-cited cases do not require such a finding. Therefore, construing Hickson's pleadings broadly, the Court finds that it is possible that Hickson could prove some set of facts in support of his claim for invasion of privacy which would entitle him to relief. The Court, therefore, DENIES Homebanc's Motion to Dismiss Hickson's claim for invasion of privacy.

C. *Hickson's Motion for Summary Judgment.*

1. Standard of Review.

■ This Court will grant summary judgment when "there is no genuine issue as to any material fact ... and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). In cases such as this where the movant is the plaintiff, that party must demonstrate the absence of an issue of material fact with regard to *every* element essential to his or her claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986), cert. denied, 484 U.S. 1066, 108 S.Ct. 1028, 98 L.Ed.2d 992 (1988).[7] The movant's burden is "discharged by showing—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* However, it is not enough in most situations for the movant merely to point out to the court this absence of evidence. *Id.* 477 U.S. at 323, 106 S.Ct. at 2552; *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.

1991). Rather, "a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2553 (quoting Fed.R.Civ.P. 56(c)).

Only after the movant meets its initial burden does any obligation on the part of the nonmovant arise. *Id.; Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160, 90 S.Ct. 1598, 1609, 26 L.Ed.2d 142 (1970); *Clark*, 929 F.2d at 608. Nevertheless, once the movant has met this initial burden, the opposing party must present evidence establishing a material issue of fact. *Celotex*, 477 U.S. at 325, 106 S.Ct. at 2553. The nonmoving party must go "beyond the pleadings" and present evidence designating "specific facts showing that there is a genuine issue for trial." *Id.* at 324, 106 S.Ct. at 2553.

■ All evidence and factual inferences should be viewed in the light most favorable to the nonmoving party. *Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1529 (11th Cir.1987); *Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir.1987). However, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) (emphasis in original). An issue is not genuine if it is unsupported by evidence or is created by evidence that is "merely colorable" or "not significantly probative." *Id.* at 249, 106 S.Ct. at 2511. Similarly, a fact is not material unless it is identified by the controlling substantive law as an essential element of the nonmoving party's case. *Id.* at 248, 106 S.Ct. at

7. In contrast, where the movant is the defendant, that party must demonstrate that the nonmoving party, the plaintiff, lacks evidence to

support an essential element of her or his claim. *Id.*

2510. Thus, to survive a motion for summary judgment, the nonmoving party must come forward with specific evidence of every element essential to his or her case so as to create a *genuine* issue for trial. *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2552; *Rollins*, 833 F.2d at 1528.

2. Application.

Only Hickson's claim for invasion of privacy has survived Homebanc's Motion to Dismiss for failure to state a claim. Therefore, the Court may consider Hickson's Motion for Summary Judgment only with regard to that remaining claim.

As stated above, to prevail in a suit for tortious public disclosure of embarrassing private facts, Hickson must prove: (1) that Homebanc disclosed facts about Hickson to the public; (2) that the facts disclosed to the public were private, secluded or secret facts, and not public ones; and (3) that the matter made public was offensive and objectionable to a reasonable man of ordinary sensibilities under the circumstances. *See Cabaniss v. Hipsley*, 114 Ga.App. 367, 372, 151 S.E.2d 496 (1966). Hickson has presented no evidence to the Court that there is not a genuine issue of material fact as to any of the elements of his claim. In fact, Hickson's short and vague statement quoted above is the full extent to which he has supported his claim. The Court, therefore, finds that Hickson has not met his burden, and DENIES his Motion for Summary Judgment.

### CONCLUSION

The Court DENIES Homebanc's Motion to Dismiss for Insufficient Service of Process. [4]. The Court GRANTS Homebanc's Motion to Dismiss Hickson's claims under 42 U.S.C. §§ 1981, 3605, 3613, and 3617, and 11 U.S.C. § 362 for failure to state a claim. The Court DENIES Homebanc's Motion to Dismiss Hickson's tortious invasion of privacy claim. The Court DENIES Hickson's Motion for Summary Judgment as to his tortious invasion of privacy claim, and DENIES Hickson's Motion for Summary Judgment as to all other claims as moot. Hickson's claim against Homebanc for tortious invasion of privacy is the only claim remaining before the Court.

So ORDERED.