A92A1029. JACKSON et al. v. NATIONWIDE CREDIT, INC.
(426 SE2d 630)

BIRDSONG, Presiding Judge.

Myron Jackson, Vanessa Quinn, and Stuart Ostrow appeal from the grant of summary judgment in favor of Nationwide Credit, Inc. on their counterclaims against Nationwide for breach of contract, intentional infliction of emotional distress, invasion of privacy, tortious interference with contract and business relations, and sexual harassment.

Nationwide is a collection agency and appellants are its former employees who collected delinquent government-backed student loans for the U. S. Department of Education ("DOE"). Nationwide originally filed this case seeking to enjoin appellants from using or revealing its trade secrets and to enjoin continuing employment with Nationwide's competition which was allegedly in violation of covenants not to compete.

The events giving rise to the litigation began when Nationwide offered its employees $100 as consideration for signing covenants not to compete as a condition of employment. When appellants Quinn and Ostrow refused to sign the agreements, their employment terminated and they were immediately escorted from the building. Appellant Jackson signed the covenant and continued working, but his employment was terminated when he did not report to work for two consecutive days.

After their employment with Nationwide ended, all appellants began working for one of Nationwide's competitors. Moreover, appellant Jackson was working as a collector of DOE loans. When Nationwide learned of this, it advised the competitor of the problem as Nationwide perceived it, and discussed a potential lawsuit if appellants continued to work for the competitor. When that approach was unavailing, Nationwide sought and obtained a TRO against appellants.

The TRO, however, was subsequently dissolved when the covenant not to compete was found too indefinite in time and geographic scope. Thereafter, Nationwide dismissed its trade secret claim, and the only claims remaining were appellants' counterclaims against Nationwide.

Subsequently, the trial court granted Nationwide's motion for summary judgment primarily because appellants were employees at will and thus had no entitlement to continued employment and appellants failed to show any questions of fact on their other claims. *Held*:

1. As appellants were employees at will (OCGA § 34-7-1; *Anderberg v. Ga. EMC*, 175 Ga. App. 14, 15 (332 SE2d 326)), the trial court did not err by granting Nationwide summary judgment on appellants' counterclaims, including the counterclaim for wrongful termination. *Fulton-DeKalb Hosp. Auth. v. Metzger*, 203 Ga. App. 595 (417 SE2d 163) holds that an employee is entitled to those earned benefits promised in his employee handbook, and, therefore, does not stand for the broad proposition of law that appellee asserts. Further, contrary to *Fulton-DeKalb Hosp. Auth. v. Metzger*, in this case the appellants are contesting the termination of their status as employees. Thus, even if the handbook were considered to be a contract, as it was for no specific term, their employment was terminable at will. *Georgia Ports Auth. v. Rogers*, 173 Ga. App. 538 (327 SE2d 511). Consequently, appellants' claims based upon breach of the employee handbook is without merit. Moreover, Jackson's assertion that he was somehow constructively terminated adds nothing to his claim.

Finally, appellants' generalized claims that Nationwide somehow otherwise breached provisions of the employee handbook are also without merit. Assuming without deciding appellants could establish a cause of action because of a failure to promote, or failure to "utilize all human resources to the fullest extent possible," appellants failed to present evidence supporting their claims. Accordingly, the trial court did not err by granting summary judgment to Nationwide on appellants' claims concerning the employee handbook. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474).

2. The trial court did not err by granting summary judgment on appellants' claims for intentional infliction of emotional distress. To prevail on such a claim, appellants must establish that Nationwide's behavior was wilful and wanton or intentionally directed to harm them, that the actions were such as would naturally humiliate, embarrass, frighten, or outrage appellants, and the conduct caused mental suffering or wounded feelings or emotional upset or distress. *Coleman v. Housing Auth. of Americus*, 191 Ga. App. 166 (381 SE2d 303). As this conduct was directed toward others, not appellants, they cannot establish a necessary element of the claim. *Kornegay v. Mundy*, 190 Ga. App. 433, 435 (379 SE2d 14). Accordingly, the trial court also did

not err by granting Nationwide summary judgment on this claim. *Lau's Corp. v. Haskins*, supra.

3. In the same manner, appellants have not established the facts necessary to establish a valid claim under any theory of recovery under an invasion of privacy claim: intrusion upon one's seclusion, public disclosure of embarrassing information, placing their reputation in a false light, or appropriation of one's name or likeness. See *Sun v. Langston*, 170 Ga. App. 60 (316 SE2d 172). Appellants have not identified any embarrassing facts about themselves which were revealed by Nationwide, and we cannot conclude that it is an unreasonable intrusion into appellants' seclusion, solitude or private affairs for Nationwide to monitor its telephones as it routinely did. All employees were advised that the telephones were for business only and that the telephones would be monitored. Therefore, using a speaker telephone to monitor appellants' telephone calls while at work, in the context of this case, does not constitute an unreasonable intrusion into their private affairs. Moreover, being escorted from Nationwide's office by a supervisor fails to rise to the level of conduct required to establish a cause of action for false light and there is simply no question that Nationwide did not appropriate appellants' names or likenesses. As none of the facts alleged by appellants supports any of these theories of recovery, the trial court did not err by granting Nationwide's motion on these claims. See *Yarbray v. Southern Bell Tel. &c. Co.*, 261 Ga. 703, 704-706 (409 SE2d 835).

4. Appellants assert that the trial court erred by granting Nationwide's motion for summary judgment on their claim for tortious interference with contract and business relationships because a Nationwide official called their current employer concerning what Nationwide asserted was a breach of their non-competition contract. Although the restrictive covenants in appellants' contracts with Nationwide were ultimately found unenforceable, the trial court was correct in concluding that in the absence of evidence showing a malicious intent to injure, no action could be maintained against Nationwide on this claim. *Singleton v. Itson*, 192 Ga. App. 78, 79 (383 SE2d 598). Such calls as were made here do not constitute tortious interference. *Colquitt v. Network Rental*, 195 Ga. App. 244, 246 (393 SE2d 28). Further, the record plainly shows that appellants suffered no damages as a result of Nationwide's action, and indeed, their new employer has paid their legal fees in this action. See *Perry & Co. v. New South Ins. Brokers*, 182 Ga. App. 84, 90 (354 SE2d 852).

5. Although appellants assert that the trial court erred by granting summary judgment to Nationwide on their claims of sexual harassment under Georgia law (see *Favors v. Alco Mfg. Co.*, 186 Ga. App. 480, 482-483 (367 SE2d 328)), the record fully supports the trial court's decision. No appellant claims to have been the victim of an act

of sexual harassment, and only a person who was the subject of the harassment may bring such a claim. *Kornegay v. Mundy*, supra. Therefore, appellants' claims must fail because they were not the subject of the harassment. *Coleman v. Housing Auth. of Americus*, supra at 170.

*Judgment affirmed. Beasley and Andrews, JJ., concur.*

DECIDED DECEMBER 3, 1992 —
RECONSIDERATION DENIED DECEMBER 17, 1992 

*Goodman & Bush, James E. Goodman, F. Clay Bush, Norman L. Smith*, for appellants.

*Troutman, Sanders, Lockerman & Ashmore, Susan S. Lanigan, Lesley G. Carroll, Douglas D. Salyers*, for appellee.