43 F.3d 1466
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ijeamaka EKWEANI, Plaintiff-Appellant,
v.
ATLANTA CITY EMPLOYEES CREDIT UNION, Defendant-Appellee.
 No. 94-1233.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 20, 1994.
Decided Dec.13, 1994.
 
 Ijeamaka Ekweani, Appellant Pro Se. F. Andrew Carroll, III, Richard Steven Mendelson, LAND, CLARK, CARROLL & MENDELSON, P.C., Alexandria, VA, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before MURNAGHAN, WILKINSON, and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Ijeamaka Ekweani appeals from the district court's order granting judgment as a matter of law against her in this civil diversity action in which she alleged breach of contract, libel/libel per se, defamation, invasion of privacy, negligence, gross negligence, malice, and intentional infliction of emotional distress against the Atlanta City Employees Credit Union (the Credit Union). Specifically, Ekweani alleged that the Credit Union breached a prior settlement agreement between the Credit Union and Ekweani entered into to resolve Ekweani v. Atlanta City Employees Credit Union, No. 92-109-A, filed in the United States District Court for the Eastern District of Virginia (the prior suit). The prior suit concerned the Credit Union's alleged wrongful repossession of Ekweani's car, and the Credit Union's reporting of adverse credit information regarding Ekweani to credit reporting agencies. Pursuant to the terms of the settlement agreement, Ekweani agreed to dismiss the suit with prejudice in exchange for the Credit Union's agreement to pay her $10,000, release her repossessed car, cancel the lien and all other debts, and instruct all credit reporting agencies to delete previous adverse references by the Credit Union regarding Ekweani's credit.
 
 
 2
 The complaint in the case at bar alleged that the Credit Union breached the settlement agreement in April, May, and December 1992 and March 1993, by willfully reporting false and defamatory credit information regarding Ekweani to credit reporting agencies. The matter was heard at a nonjury trial; at the close of Ekweani's evidence, the Credit Union moved for judgment as a matter of law, which the district court granted. Our review of the record and the district court's opinion discloses that this appeal is without merit.
 
 
 3
 The standard of review for a motion for judgment as a matter of law is whether the evidence is so substantial or conclusive that any contrary verdict would necessarily be based on speculation or conjecture. Gairola v. Virginia Dep't of Gen. Servs., 753 F.2d 1281, 1285 (4th Cir.1985); see Carroll v. Seaboard A. L. R. Co., 371 F.2d 903 (4th Cir.1967). This Court reviews de novo the grant or denial of a motion for judgment as a matter of law. Gairola v. Virginia Dep't of Gen. Servs., 753 F.2d at 1285. In considering a motion for judgment as a matter of law, the court must construe the evidence in the light most favorable to the party against whom the motion is made. Garraghty v. Jordan, 830 F.2d 1295, 1302 (4th Cir.1987). The trial court must grant the motion upon request unless there is " 'substantial evidence to support' the verdict asked of the [factfinder]." Gairola v. Virginia Dep't of Gen. Servs., 753 F.2d at 1285 (quoting Business Dev. Corp. v. United States, 428 F.2d 451, 453 (4th Cir.), cert. denied, 400 U.S. 957 (1970)). The question is not whether there is no evidence, but whether there is sufficient evidence upon which a factfinder can properly proceed to reach a verdict. Ralston Purina Co. v. Edmunds, 241 F.2d 164, 167 (4th Cir.), cert. denied, 353 U.S. 974 (1957).
 
 
 4
 In granting judgment as a matter of law on the breach of contract claim, the district court held that while the Credit Union breached the terms of the settlement agreement, Ekweani failed to prove damages resulting from the breach. We find that this determination is based on a fair reading of the record.
 
 
 5
 With regard to her claims of defamation, libel, and libel per se, Ekweani has not alleged that she is a trader or merchant, or engaged in a vocation wherein credit is necessary to her business. Moreover, she failed to prove special damages attributable to the Credit Union's actions. Accordingly, we find that the district court properly found that Ekweani had not demonstrated a viable cause of action on these claims. See Sumner v. First Union Nat'l Bank, 409 S.E.2d 212, 214 (Ga.App.), cert. denied, 1991 Ga. LEXIS 848 (Ga.1991). Similarly, Ekweani's claim based on statutory violation of the Georgia Uniform Deceptive Trade Practices Act, Ga.Code Ann. Secs. 10-1-370 to 10-1-375 (Michie 1994), does not apply to Ekweani by its terms, and we find that the district court properly granted the Credit Union's motion for judgment as a matter of law on this claim as well.
 
 
 6
 Ekweani's allegation of invasion of privacy is based on intrusion into her seclusion or solitude or into her private affairs. See Jackson v. Nationwide Credit, 426 S.E.2d 630, 632 (Ga.App.1992); Peacock v. Retail Credit Co., 302 F.Supp. 418, 422 (N.D. Ga.1969), aff'd, 429 F.2d 31 (5th Cir.1970), cert. denied, 401 U.S. 938 (1971). To recover under this theory of invasion of privacy, "Georgia cases require that the intrusion must be physical, analogous to a trespass." See Kobeck v. Nabisco, Inc., 305 S.E.2d 183, 185 (Ga.App.1983) (quoting Peacock v. Retail Credit Co., 302 F.Supp. at 422). Because Ekweani has neither alleged nor demonstrated in any way that she has suffered such a physical intrusion upon her privacy, she has failed to establish an essential element for recovery under this theory. We find that the district court's grant of the Credit Union's motion on this claim was likewise proper.[1]
 
 
 7
 To establish gross negligence under Georgia law, a plaintiff must show that the defendant had a wilful determination not to perform a known duty, or a reckless disregard for the plaintiff's safety as evidenced by an intentional, conscious omission of proper care under the circumstances. Flint Explosive Co. v. Edwards, 66 S.E.2d 368, 378-79 (Ga.App.1951). Because the evidence adduced at trial established that the dissemination of Ekweani's credit information including information regarding the repossession and charge-off was a mistake, and that the Credit Union was prepared to write letters to any agency that had denied Ekweani credit, and advise them that the mistake was on the Credit Union's part, we affirm the district court's determination that Ekweani proved no malice, and consequently, that she failed to establish gross negligence. With regard to Ekweani's negligence claim, we find that because she failed to prove damages beyond those based merely on speculation and conjecture, the district court's dismissal of the claim was in accordance with a fair reading of the record. See Ford Motor Co. v. McDavid, 259 F.2d 261, 266 (4th Cir.), cert. denied, 358 U.S. 908 (1958).
 
 
 8
 To establish a claim for intentional infliction of emotional distress pursuant to Georgia law, Ekweani must demonstrate that the Credit Union's conduct was wilful and wanton or intentionally directed to harm her, the actions were such as would naturally humiliate, embarrass, frighten, or outrage Ekweani, and the conduct caused mental suffering, emotional upset or distress. See Jackson v. Nationwide Credit, 426 S.E.2d at 632 (citing Coleman v. Housing Auth. of Americus, 381 S.E.2d 303 (Ga.App.1989)). The Georgia Supreme Court has held that the conduct complained of must have been extreme and outrageous, and that whether a claim rises to the "requisite level of outrageousness and egregiousness" to support a claim under this theory is a question of law. Yarbray v. Southern Bell Tel. & Telegraph Co., 409 S.E.2d 835, 837-38 (Ga.1991) (citing Restatement (Second) of Torts, Sec. 46(1) cmt. d (1965), Gordon v. Frost, 388 S.E.2d 362 (1989)).
 
 
 9
 Here, not only did Ekweani fail to make a showing of outrageous or egregious conduct by the Credit Union, she likewise failed to demonstrate that the Credit Union acted wilfully and wantonly, or intentionally in an effort to harm her. See Jackson v. Nationwide Credit, 426 S.E.2d at 632.[2] We find that the district court correctly dismissed this claim as well.
 
 
 10
 Finally, as the district court held, Ekweani failed to demonstrate actual malice on the part of the Credit Union, such that she might be entitled to punitive damages. See Stone Man, Inc. v. Green, 435 S.E.2d 205, 206 (Ga.1993) (to receive punitive damages, plaintiff must establish "wilful misconduct, malice, fraud, wantonness, [or] oppression").
 
 
 11
 Accordingly, we affirm the district judge's grant of the Credit Union's motion for judgment as a matter of law on all claims. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 See also Molton v. Commercial Credit Corp., 193 S.E.2d 629, 632 (Ga.App.1972) (holding that right of privacy as to credit information is waived where plaintiff authorized loan company to obtain credit report)
 
 
 [2]
 It appears that the district court relied on the Virginia test set forth in Womack v. Eldridge, 210 S.E.2d 145, 148 (Va.1974), to establish a claim for intentional infliction of emotional distress in this case, rather than the applicable test pursuant to Georgia law. See Erie R.R. v. Tompkins, 304 U.S. 64, 78-79 (1938); Brendle v. General Tire & Rubber Co., 505 F.2d 243, 245 (4th Cir.1974) (federal court in diversity case must apply the law announced by the highest court of that state or, if the law is unclear, as it appears the highest court of that state would rule). However, because Ekweani has failed to establish a viable claim under Georgia law, we find the error to be harmless